# IN THE MATTER OF BARRON.
## (SUPREME COURT DISCIPLINARY NO. 108)

PER CURIAM.

Nancy E. Barron was charged with violating Standard 65 of Rule 4-102 in Part IV (Discipline) of the Rules and Regulations of the State Bar of Georgia, which provides: "A lawyer shall not commingle his client's funds with his own and shall not fail to account for trust property, including money and interest paid on the client's money, if any, held in any fiduciary capacity. A violation of this standard may be punished by disbarment." (241 Ga. at 741)

The special master found that Ms. Barron had borrowed from her escrow account settlement proceeds in the amount of $7,209.16 belonging to her client, and was unable to pay those funds to the client in February, 1979, upon the client's request. The State Bar of Georgia filed its complaint against Ms. Barron in February, 1979, and the funds were paid to the client by two checks in April and August of 1979.

The master found as extenuating facts and circumstances that Ms. Barron is a single parent mother having custody of her three minor children and having full responsibility for support of her children and herself; that she is divorced from the father of the children, his whereabouts were unknown and he was not providing for the support of his children; that at the time she made personal use of the client's funds she was under extreme financial distress, she had undergone a serious surgical operation, she went through a very irrational period following the surgery, did not function the way she normally would, was out of work for about three months, and was unable to arrange to borrow money. The master found that she used the client's money with the full intention of repaying it before the client's discharge in bankruptcy took effect; that she made restitution by selling her home and certain family heirlooms; and that she no longer is practicing law and has taken employment with the federal government in which she does not function as an attorney.

Because of the substantial extenuating circumstances, the Special Master recommended discipline in the form of suspension from membership in the State Bar of Georgia for a period of not less than two years, subject to the right to petition for reinstatement after the expiration of the two-year period. The State Disciplinary Board adopted the findings of fact and conclusions of law of the Special Master and recommended as discipline suspension for two years.

The recommendation of the Board is approved and adopted. It is ordered that Ms. Nancy E. Barron be suspended from membership in the State Bar of Georgia for a period of two years, subject to the

right to petition for reinstatement after expiration of the two year period.

*It is so ordered. All the Justices concur, except Jordan, P.J., who concurs in the judgment only.*

DECIDED SEPTEMBER 10, 1980.

*Omer W. Franklin, Jr., General Counsel State Bar, Viola L. Sellers, Assistant General Counsel State Bar,* for State Bar of Georgia.

*Rees R. Smith,* for Barron.