## IN THE MATTER OF HAUPT.
(SUPREME COURT DISCIPLINARY NO. 167)

PER CURIAM.

Respondent, a Savannah attorney, was found guilty of violating State Bar Rule, Standard 65, which provides: "A lawyer shall not commingle his client's funds with his own and shall not fail to account for trust property, including money and interest paid on the client's money, if any, held in a fiduciary capacity. A violation of this standard may be punished by disbarment." Respondent represented Migchelbrink in a domestic relations matter. Migchelbrink entrusted respondent with $6,000 to be used in a settlement with Migchelbrink's ex-wife. However, a settlement was not reached, and on April 18, 1980, respondent deposited the $6,000 in a bank account titled "Reginald C. Haupt, Jr., Trust Account." The deposit left a balance of only $4,928.03 because the account had been previously overdrawn. The State Disciplinary Board found this to be a per se violation of Standard 65.

Subsequently, Migchelbrink and respondent reached a vague business agreement whereby respondent was to use the money to purchase used cars which Migchelbrink would resell for a profit. Respondent did use the money for this business venture, but he also withdrew sums for personal expenses, including business expenses arising out of his legal practice. Consequently, when Migchelbrink requested that his money be returned, respondent was unable to refund the total amount. Only after Migchelbrink filed a complaint with the State Bar and retained a third party attorney did respondent tender a check. The check was returned because of insufficient funds, but finally, on August 29, 1980, Migchelbrink received $5,700 ($6,000 less $300 attorney fees). He subsequently withdrew the complaint. Respondent is on good terms with Migchelbrink and continues to serve as his attorney. Nevertheless, the State Disciplinary Board held a hearing and recommended disbarment.

A disciplinary proceeding is an inquiry into the fitness of a member of the bar and is designed to protect the public from improprieties that injure the trust in an attorney-client relationship. The purpose of suspending or disbarring an attorney is to remove from the profession one who by his conduct has proven himself unfit to carry out the duties and responsibilities entrusted to an attorney as

a protector of the public and an administrator of justice. These proceedings are not necessarily designed to punish the attorney. State Bar of Michigan v. Block, 383 Mich. 384 (175 NW2d 769) (1970); In the Matter of Kennedy, 254 S. C. 463 (176 SE2d 125) (1970).

An attorney's role as a fiduciary is a highly trusted and sensitive position. Breach of this relationship injures the client, the public, and the justice system. Disbarment has been sanctioned in many instances, but less severe penalties have also been imposed. In *In the Matter of Barron,* 246 Ga. 327 (271 SE2d 474) (1980), this court ordered a two-year disciplinary suspension for an attorney who had violated Standard 65. The State Disciplinary Board emphasized extenuating circumstances that should mitigate the harshness of the penalty. The fact that the money was repaid can also be considered in recommending discipline. *In the Matter of Dowdy,* 247 Ga. 488, 490 (277 SE2d 36) (1981). "In arriving at the punishment to be imposed, precedents are of little aid, and each case must be largely governed by its particular facts and the matter rests in the sound discretion of the court. The question is not what punishment may the offense warrant, but what does it require as a penalty to the offender, a deterrent to others, and as an indication to laymen that the courts will maintain the ethics of the profession." *In the Matter of Dowdy,* 247 Ga. at 493, supra (quoting 7A CJS 117, Attorney & Client, § 116).

We feel this case involves an error in judgment. Disbarment is too severe a penalty in light of the fact that the money was repaid and respondent is on good terms with Migchelbrink. Justice will be better served if respondent is suspended from the practice of law for six months with a public reprimand.

*It is so ordered. All the Justices concur, except Smith and Weltner, JJ., who dissent as to the six-month suspension.*

DECIDED NOVEMBER 23, 1982 —
REHEARING DENIED DECEMBER 15, 1982.

*Omer W. Franklin, Jr., General Counsel State Bar, Joe David Jackson, Assistant General Counsel State Bar,* for State Bar of Georgia.

Reginald C. Haupt, Jr., *pro se.*