S02Y1479. IN THE MATTER OF DONALD O. NELSON.
(569 SE2d 841)

PER CURIAM.

The issue in this disciplinary matter is the appropriate level of discipline to be imposed on Donald O. Nelson, who was suspended from the practice of law in 1995 after pleading guilty to a crime involving moral turpitude. Both the special master and the Review Panel of the State Disciplinary Board have recommended the lifting of the suspension. Because Nelson has successfully completed his term of probation, presented substantial evidence of community support for his reinstatement, and expressed remorse for his actions, we agree with the recommendations and order the lifting of his seven-year suspension from the practice of law.

Nelson's conviction stemmed from a joint purchase of land with a client in 1986 in which Nelson knew, or should have known, that the client's portion of the money may have been derived from illegal drug activities. After the client indicated that he was unhappy with the land, Nelson purchased the client's half for the amount the client had paid for it. Due to changes in the federal law that had taken effect

about ten days earlier, Nelson's payment to the client violated a federal money laundering law. Although Nelson professed to be unaware that "money laundering" covered the transaction, he admitted the wrongful nature of this conduct by pleading guilty to the offense in federal district court in January 1995 and was sentenced to a five-year term of probation.

On September 11, 1995, this Court suspended Nelson pending the outcome of his appeal of his conviction. See *In the Matter of Nelson*, 265 Ga. 715 (461 SE2d 874) (1995). After his conviction was affirmed, the special master held a hearing in April 2001 to determine the appropriate level of discipline to be imposed on Nelson for his violation of Standard 66 of Bar Rule 4-102 (d), which provides that conviction of a crime involving moral turpitude shall be grounds for disbarment. At the hearing, Nelson presented numerous witnesses as to his "personal character and professional competence," including a judge, a bank president, a college dean, an attorney, and other members of the community. Each testified that Nelson had been a well-respected, competent attorney, he willingly provided needed advice and assistance to those who sought his help, and he donated his time and energy to those unable to pay. The witnesses also uniformly testified that Nelson had made a mistake, but took responsibility for his behavior; they believed he had adequately paid for that mistake with his suspension from the practice of law; they hoped he would be reinstated, and they believed he would be a credit to the profession if reinstated. The special master recommended that Nelson's suspension be lifted, but the State Bar filed an exception to that recommendation.

By a divided vote, the Review Panel adopted the recommendation of the special master to restore Nelson's ability to practice law. In support, the Review Panel found that Nelson had been under a suspension for more than six years, he had no prior disciplinary problems or criminal problems, and the incident to which he pled guilty occurred more than 15 years earlier. In addition, the panel concluded that the testimony of members of Nelson's community "vanquish any concerns one might have as to laypersons' views of maintaining the ethics of the profession."

Although Nelson's behavior in purchasing the land showed poor judgment and his conviction clearly violated Standard 66, a violation of that standard does not mandate disbarment. See *In the Matter of Silver*, 273 Ga. 727 (545 SE2d 886) (2001). Instead, each case must be judged separately on its own merits after careful consideration of the surrounding circumstances. See *In the Matter of Haupt*, 250 Ga. 422, 423 (297 SE2d 284) (1982); *In the Matter of Dowdy*, 247 Ga. 488, 493 (277 SE2d 36) (1981). Despite the seriousness of the crime committed here, we agree with the Review Panel that mitigating factors

support leniency. Nelson has expressed remorse, his behavior did not directly hurt or injure any of his clients or any client's cause of action, his behavior did not evidence wilful intent, he has no prior disciplinary history, and he has successfully completed his probation. When considered with the specific facts leading to the underlying conviction, Nelson's character testimony, and the fact that he has already endured a seven-year suspension, we conclude that his actions do not warrant the sanction of disbarment. Accordingly, we order that Nelson's suspension be lifted and that his ability to practice law be restored as of the date of this opinion.

*Suspension lifted. All the Justices concur.*

DECIDED SEPTEMBER 16, 2002.

*William P. Smith III, General Counsel State Bar, E. Duane Cooper, Assistant General Counsel State Bar*, for State Bar of Georgia.

