S09Y0090. IN THE MATTER OF BRADLEY J. TAYLOR.

(672 SE2d 653)

PER CURIAM.

After the State Bar filed a Formal Complaint charging Respondent Bradley J. Taylor with various violations of the Georgia Rules of Professional Conduct, Taylor filed a petition for voluntary discipline in which he admitted unethical conduct and requested the imposition of discipline in the form of a public reprimand and a 120-day suspension from the practice of law. After considering the objections voiced by the State Bar of Georgia through the Office of General Counsel, the Special Master appointed by this Court recommended acceptance of the petition. The matter is now before this Court on the Report and Recommendation of the Review Panel of the State Disciplinary Board which recommends the imposition of a Review Panel reprimand and a six-month suspension from the practice of law for Taylor's admitted violations of Rules 1.15 (I) (a lawyer shall hold a client's property separate from the lawyer's property), 1.15 (II) (no funds from a lawyer's trust account shall be withdrawn for the lawyer's personal use), and 1.16 (a lawyer shall withdraw from representation when the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client) of the Georgia Rules of Professional Conduct. See Bar Rule 4-102. Neither party has filed exceptions to the Review Panel's Report and Recommendation, and we agree with the discipline suggested therein.

Taylor, who has been a member of the State Bar since 1977, admits that in October 2005 he agreed to hold $45,644.80 for a client as part of a real estate transaction; he deposited that amount into his escrow account and, due in part to personal, psychological and emotional stresses, he withdrew most of the funds and used them for personal and business expenses. Taylor advised his client of his unethical behavior in February 2006 and repaid the funds to the satisfaction of the client who thereafter continued to utilize Taylor's

professional services. We agree with the Review Panel that Taylor's actions violate Rules 1.15 (I), 1.15 (II), and 1.16 of the Georgia Rules of Professional Conduct.

Although the maximum sanction for a single violation of Rule 1.15 (I) or 1.15 (II) is disbarment and the maximum sanction for a single violation of Rule 1.16 is a public reprimand, we note in mitigation that Taylor voluntarily informed his client about his conduct; he repaid the money he had misappropriated; his client continues to vouch for Taylor's professionalism and integrity; Taylor is remorseful for his error in judgment; his conduct was at least partially caused by personal problems of a non-recurring nature; he has no prior disciplinary history; and he cooperated with disciplinary authorities. In arriving at the punishment to be imposed, "[t]he question is not what punishment may the offense warrant, but what does it require as a penalty to the offender, a deterrent to others, and as an indication to lay[persons] that the courts will maintain the ethics of the profession. [Cit.]" *In the Matter of Dowdy*, 247 Ga. 488, 493 (277 SE2d 36) (1981). In light of the mitigating factors present in this case, we agree with the level of discipline recommended by the Review Panel. Accordingly, we adopt the Report and Recommendation of the Review Panel and order that Bradley J. Taylor be suspended from the practice of law for a period of six months and that he receive a Review Panel reprimand in accordance with Bar Rules 4-102 (b) (4) and 4-220 for his admitted violations of Rules 1.15 (I), 1.15 (II) and 1.16. See *In the Matter of Haupt*, 250 Ga. 422 (297 SE2d 284) (1982) (six-month suspension and public reprimand where money was repaid and attorney and client on good terms); *In the Matter of Freeman*, 269 Ga. 906 (506 SE2d 872) (1998) (90-day suspension where attorney confessed misconduct, repaid the client, cooperated in disciplinary proceedings, and underlying mental issue not likely to recur). Compare *In the Matter of Ross*, 272 Ga. 448 (531 SE2d 356) (2000) (12-month suspension where attorney was cooperative in disciplinary proceedings but client had to hire new counsel to obtain funds and documents from attorney). Taylor is reminded of his duties under Bar Rule 4-219 (c).

*Six-month suspension and Review Panel reprimand. All the Justices concur.*

DECIDED JANUARY 26, 2009.

*William P. Smith III, General Counsel State Bar, Kellyn O. McGee, Assistant General Counsel State Bar,* for State Bar of Georgia.