S11Y0553. IN THE MATTER OF JOSEPH A. CARRAGHER, JR.
(716 SE2d 216)

PER CURIAM.

This matter is before the Court on the Report and Recommendation of the Review Panel, which recommends that Respondent Joseph A. Carragher, Jr. (State Bar No. 112150) be suspended for one year with reinstatement conditioned on his successful participation in the State Bar's Law Office Management Program at his expense. Carragher originally filed a petition for voluntary discipline pursu-

---

ant to Bar Rule 4-227 (b) before the filing of a formal complaint. Carragher requested no more than a public reprimand for his admitted violations of Rules 1.15 (I) and 1.15 (II) of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d), despite the fact that a violation of either of those rules is a disbarment level offense. The State Bar opposed the petition on the grounds that the requested discipline was insufficient to address the admitted conduct, and we then rejected the petition because it contained inconsistencies and did not include sufficient information to allow the Court to determine the proper level of discipline. See *In the Matter of J. A. C.*, 285 Ga. 393 (677 SE2d 119) (2009).

The State Bar subsequently filed a formal complaint against Carragher, alleging violations of Rules 1.15 (I) (a) and (b) and 1.15 (II) (a) and (b), as well as Rules 1.7, 1.8 (a) and (b), and 8.4 (a) (4). The special master, Dana Norman, held an evidentiary hearing and issued a report recommending that Carragher be suspended indefinitely. After the State Bar sought clarification, the special master affirmed the indefinite suspension recommendation and recommended, in the alternative, disbarment. Carragher filed an exception and request for Review Panel review, and the Review Panel issued its report and recommendation of the discipline noted above. Neither party filed exceptions to the Review Panel report, which adopted the special master's findings of fact and conclusions of law, except as to Rule 8.4, about which the special master declined to make a finding and with respect to which the Review Panel found Carragher had violated. Carragher admitted violating all the rules except 8.4.

The record shows that Carragher, who has been a member of the State Bar since 1976, used his attorney trust account to hold and distribute proceeds earned by his 65-year old client and long-time family friend and handyman on the sale of a house the client inherited. Carragher represented the client on the sale of the house and deposited a portion of the proceeds paid at the closing into his trust account. Although he did not have any interest in the majority of those funds, he did not immediately distribute the money to the client; instead, he simply held those funds in his trust account and on two occasions borrowed money from the funds he held in escrow for the client, each time documenting the loans with promissory notes that promised repayment at 18% interest. Carragher did not tell his client that he had borrowed the money, but he advised the client that the money was returning 18% interest. Carragher also deposited earned money into his trust account but wrote checks to his son, the proceeds of which were personal and not fiduciary, and one to himself, the proceeds of which were earned fees and fiduciary funds.

After the State Bar notified Carragher that it was investigating a grievance regarding mishandling client property and misuse of his

trust account, Carragher opened a non-fiduciary joint account with his client into which he deposited interest monies owed to the client by the purchaser of the inherited house who had executed a purchase money note (which funds Carragher stated were in consideration of an extension of time to pay off the purchase money note). Carragher also received a check in excess of $50,000 paid to the client in satisfaction of the loan the client gave the purchaser of the house, which Carragher deposited into the joint account, which he apparently set up in anticipation of the loan pay-off. But Carragher subsequently took cash out of the joint account several times and deposited it into his personal account, withdrawals he characterized as personal loans memorialized by demand promissory notes to the client, although he did not deliver the notes to the client.

Carragher also drafted loan papers for a loan the client made to Carragher's neighbor and issued a check from the joint account to the neighbor's business. When the neighbor failed to honor the debt, Carragher wrote a demand letter to the neighbor on his client's behalf, asking him to renew the note and make an interest payment. Carragher received three checks on his client's behalf totaling over $66,000 in fiduciary funds, which he deposited into the joint account.

Spreadsheets Carragher submitted to the special master appear to document payments in varying amounts on the client's behalf, which Carragher claims represent repayment of monies he borrowed from the client. The client testified that Carragher "paid me whatever he borrowed with interest." In 2009 Carragher prepared a memorandum memorializing his client's agreement to waive all interest on his remaining debt to the client in consideration of his daughter's continued bookkeeping and monthly accounting services. The memorandum indicates that Carragher paid back all fiduciary funds to the client and hand-delivered a check to the client representing a principal and interest payment.

Carragher admitted that this conduct violated all the rules alleged except Rule 8.4, and like the Review Panel, we find that he also violated that rule. The primary issue is therefore the proper level of discipline. We have reviewed the record and agree with the Review Panel that while Carragher's conduct caused potential injury to his client, the client was made whole and all sums borrowed by Carragher were repaid. In mitigation of discipline, we specifically note that Carragher has practiced law for many years with no past disciplinary problems, cooperated with disciplinary authorities, has shown awareness of the seriousness of the matter, and repaid his client. We also note that the client did not file a complaint against Carragher and appears satisfied with his services, and there is no evidence that Carragher engaged in similar transactions with the funds of other clients. Thus, we agree with the Review Panel's

recommendation that a one-year suspension with the condition set forth above is the appropriate sanction in this case. See *In the Matter of Jones*, 280 Ga. 302 (627 SE2d 24) (2006) (imposing a one-year suspension for using escrow account funds to pay a promissory note for a friend where the attorney cooperated fully, made restitution, had no disciplinary history, and was simply trying to help a friend); *In the Matter of Taylor*, 284 Ga. 867 (672 SE2d 653) (2009) (imposing a six-month suspension for using escrow account funds for personal use where the attorney was remorseful, voluntarily advised the client, repaid the funds, had no prior disciplinary history, and the client continued to use the attorney's services). Accordingly, we hereby order that Joseph A. Carragher be suspended from the practice of law in the State of Georgia for a period of one year from the date of this opinion with reinstatement conditioned upon his successful participation in the Law Office Management Program of the State Bar of Georgia at his expense. Carragher is reminded of his duties under Bar Rule 4-219 (c).

*One-year suspension with conditions for reinstatement. All the Justices concur, except Hunstein, C. J., who is disqualified.*

DECIDED OCTOBER 3, 2011.

*Paula J. Frederick, General Counsel State Bar, Rebecca A. Hall, Assistant General Counsel State Bar*, for State Bar of Georgia.
*McNeill Stokes*, for Carragher.