S13Y1024. IN THE MATTER OF DONALD O. NELSON.

(748 SE2d 452)

PER CURIAM.

This disciplinary matter is before the Court on the Report and Recommendation of the Review Panel, recommending that Donald O. Nelson (State Bar No. 537800), who was admitted to the Bar in 1969, be disbarred for improperly witnessing a quitclaim deed after a real estate closing and making false statements in connection therewith to the State Bar.

Following the State Bar's filing of a formal complaint, an evidentiary hearing was held before special master Wade W. Herring II. The special master found the following facts: In September 2005 Nelson represented the lender in a refinancing of property owned by a married couple. At the closing, the Husband signed the security deed and believed he was a joint borrower with his Wife. However, in October 2005, a quitclaim deed transferring Husband's interest in the property to Wife was prepared in Nelson's office. Someone other than Husband executed the quitclaim deed. Nelson witnessed, and his legal assistant notarized, Husband's signature. The quitclaim deed was filed in February 2006, and in March 2006, Wife obtained a second mortgage on the property unbeknownst to Husband. Husband first learned of the forged quitclaim deed in mid-2006.

In response to inquiries by the State Bar, Nelson made intentional misrepresentations of fact, writing in January 2008 that after the refinancing closing, it was discovered that Husband had inadvertently failed to sign the quitclaim deed, but that upon notification by Nelson's office, Husband came to the office and executed the quitclaim deed. In another written response provided in March 2008, Nelson stated his "belief that Husband signed the Quit Claim Deed on the day following the closing." In January 2009 Nelson again wrote to the State Bar reiterating that his prior written responses were true and correct, adding that he had "very deliberately and methodically explained to [Husband] that the loan had been approved in his wife's name only" and that it would be necessary for him to execute a quitclaim deed to Wife so the loan could be closed in her name only. Nelson admitted at the evidentiary hearing that he made the written statements in January 2008 and January 2009 without having any specific recollection of the events. The special master, citing former OCGA § 24-4-22 (if party has evidence by which he may repel a claim, but omits to produce it, a presumption arises that the charge is well-founded), noted that although Nelson testified that he relied, at least in part, on his assistant or on the Wife, he failed to call either as a witness.

The special master found that by this conduct, Nelson violated Rules 8.1 (a), 8.4 (a) (1), and 8.4 (a) (4) of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d). The maximum sanction for a violation of Rules 8.1 and 8.4 (a) (4) is disbarment; the maximum sanction for a violation of Rule 8.4 (a) (1) is the maximum penalty for the specific Rule violated. In aggravation of discipline, the special master found that Nelson has two prior disciplinary offenses: a lengthy suspension following his 1995 guilty plea to one count of money laundering, see *In the Matter of Nelson*, 265 Ga. 715 (461 SE2d 874) (1995) and *In the Matter of Nelson*, 275 Ga. 491 (569 SE2d 841) (2002), and an Investigative Panel reprimand in 1994. The special master found as aggravating circumstances that Nelson, in bad faith, obstructed the disciplinary proceeding, submitted false and misleading statements during the disciplinary proceeding, refused to acknowledge the wrongful nature of his conduct, and had substantial experience in the practice of law. The special master also noted that under Bar Rule 4-103, a finding of a third or subsequent disciplinary infraction shall constitute grounds for disbarment.

The Review Panel adopted the special master's findings of fact and conclusions of law and unanimously agreed with the special master's recommendation.

Having reviewed the record, including Nelson's exceptions to the Review Panel's report, we agree that disbarment is the appropriate sanction, considering the facts as found by the special master and the fact that this is Nelson's third disciplinary infraction. Therefore, it is hereby ordered that the name of Donald O. Nelson be removed from the rolls of persons authorized to practice law in the State of Georgia. Nelson is reminded of his duties pursuant to Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED SEPTEMBER 9, 2013.

*Paula J. Frederick, General Counsel State Bar, Rebecca A. Hall, Assistant General Counsel State Bar*, for State Bar of Georgia.