S16Y1709. IN THE MATTER OF CLARENCE R. JOHNSON, JR.
(791 SE2d 779)

PER CURIAM.

This disciplinary matter is before the Court on an amended petition for voluntary discipline filed by Clarence R. Johnson, Jr. (State Bar No. 392870), prior to the issuance of a formal complaint, see Bar Rule 4-227 (b) (2). Johnson, who became a member of the Bar in 1984, admitted that he became subject to collection efforts after he was hospitalized due to illness and unable to work while on bed rest, that he deposited personal funds into his trust account to conceal them from his creditors, and that he made withdrawals for personal expenses from the trust account.

The relevant facts recited in Johnson's petition are as follows: In December 2013, Wells Fargo Bank, Johnson's trust account holder, notified the Bar that Johnson's trust account held insufficient funds for a check presented for payment. Johnson responded to the Bar's inquiry regarding the insufficient funds and provided copies of bank statements for his trust, operating, and payroll accounts. In a letter to the Bar dated May 9, 2014, Johnson admitted to transferring earned fees from his operating account to his trust account to conceal personal funds from creditors seeking satisfaction of outstanding personal debts. The Bar advised Johnson to attend a general consultation on trust account management with the Bar's Law Practice Management Program, which Johnson did. On February 27, 2015, Johnson filed a voluntary petition for Chapter 7 bankruptcy, and he was granted a discharge of his personal debts on June 25, 2015.

Johnson also admitted he failed to maintain records for client funds held in his trust account and deposited settlement funds into

his operating accounts which exposed his clients' funds to his creditors' collection efforts. The Bar's Investigative Panel initiated a grievance against Johnson on August 19, 2015, and on October 19, 2015, Johnson submitted to the Investigative Panel a petition for voluntary discipline requesting the imposition of an Investigative Panel reprimand. The Investigative Panel determined that the appropriate discipline would be a Review Panel reprimand, which prompted the filing of Johnson's petition for voluntary discipline in this Court.

In his petition as amended, Johnson admits his conduct violated Bar Rules 1.15 (I) (a), 1.15 (II) (a), 1.15 (II) (b), and 8.4 (a) (4). The maximum sanction for a violation of each of these Bar Rules is disbarment. Johnson requests that the Court impose either a public reprimand or a Review Panel reprimand, as that term is defined by Bar Rule 4-102 (d), citing *In the Matter of Francis*, 297 Ga. 282 (773 SE2d 280) (2015) (attorney's admitted improper use of trust account, including commingling of personal and fiduciary funds, in violation of rule governing trust accounts warranted Review Panel reprimand). In mitigation of discipline, Johnson offers that he has no prior disciplinary history, he cooperated by submitting a detailed letter of his misconduct to the State Bar and consulted with the Law Practice Management Program as advised, he otherwise has good character and reputation as shown by submitted letters of support from the legal community, and he is remorseful about his conduct.

The State Bar filed a response contending that the interests of the public and the State Bar of Georgia would be best served by declining Johnson's request for a Review Panel reprimand and that the imposition of a public reprimand would be insufficient. It notes this Court has declined a Review Panel reprimand as the appropriate punishment in similar cases. See *In the Matter of Howard*, 292 Ga. 413 (738 SE2d 89) (2013) (ruling that the appropriate punishment was a public reprimand, rather than a Review Panel reprimand, when the subject infraction involved an admitted violation of trust account rules, and noting that although no harm was done to clients, even a technical violation should have public discipline so as to protect clients, courts, and the public). In addition, the State Bar points out that unlike in *Howard*, Johnson's misconduct exceeded a "technical violation" because his misconduct involved intentional acts completed over a period of time. Cf. *Howard*, 292 Ga. at 414. It specifically argues that Johnson's misconduct not only harmed his creditors by concealing from them personal funds placed in his trust accounts, but could have harmed his clients because he deposited client settlement funds in his operating and/or payroll accounts, subjecting these client funds to potential garnishment. It asserts, therefore, that even a public reprimand is an insufficient discipline.

Having reviewed the record in this case, we cannot agree that either a public or Review Panel reprimand is the appropriate sanction for Johnson's misconduct. Although this Court has imposed Review Panel reprimands for similar misconduct, see, e.g., *Francis*, 297 Ga. at 283, Johnson's concealment of personal funds within his trust account not only harmed his creditors but had the potential to harm his clients. Furthermore, as the State Bar notes, Johnson's misconduct also involved intentional acts completed over a period of time. See *In the Matter of Carragher*, 289 Ga. 826 (716 SE2d 216) (2011) (suspending lawyer from practice of law for a period of one year with conditions for reinstatement when lawyer admitted that he violated Rules 1.15 (I) (a), 1.15 (II) (a), 1.15 (II) (b), and 8.4 (a) (4) by holding and borrowing funds from trust account instead of immediately distributing funds to client and by depositing earned funds into his trust account and then writing checks to his son from that account, the proceeds of which were personal). Accordingly, the Court rejects the petition for voluntary discipline.

*Petition for voluntary discipline rejected. All the Justices concur.*

DECIDED OCTOBER 3, 2016.

*R. Gary Spencer*, for Johnson.

*Paula J. Frederick, General Counsel State Bar, Wolanda R. Shelton, Assistant General Counsel State Bar*, for State Bar of Georgia.