302 Ga. 865
FINAL COPY

S17Y1918.  IN THE MATTER OF CLARENCE R. JOHNSON, JR.

PER CURIAM.

This disciplinary matter is before the Court on this second petition for voluntary discipline filed by Clarence R. Johnson, Jr. (State Bar No. 392870), prior to the issuance of a formal complaint.  See Bar Rule 4-227 (b) (2).  This Court rejected Johnson's first petition for voluntary discipline, concluding that the suggested discipline of a public or Review Panel reprimand was insufficient to address Johnson's conduct.  See *In the Matter of Johnson*, 299 Ga. 744 (791 SE2d 779) (2016).  Johnson, who became a member of the Bar in 1984, admits in this petition, as he did in his prior petition, that he became subject to collection efforts after he was hospitalized due to illness and unable to work while on bed rest, that he deposited personal funds into his trust account to conceal them from his creditors, and that he made withdrawals for personal expenses from the trust account.

As this Court noted in its opinion rejecting Johnson's first petition, the

relevant facts are as follows:

In December 2013, Wells Fargo Bank, Johnson's trust account holder, notified the Bar that Johnson's trust account held insufficient funds for a check presented for payment. Johnson responded to the Bar's inquiry regarding the insufficient funds and provided copies of bank statements for his trust, operating, and payroll accounts. In a letter to the Bar dated May 9, 2014, Johnson admitted to transferring earned fees from his operating account to his trust account to conceal personal funds from creditors seeking satisfaction of outstanding personal debts. The Bar advised Johnson to attend a general consultation on trust account management with the Bar's Law Practice Management Program, which Johnson did. On February 27, 2015, Johnson filed a voluntary petition for Chapter 7 bankruptcy, and he was granted a discharge of his personal debts on June 25, 2015.

Johnson also admitted he failed to maintain records for client funds held in his trust account and deposited settlement funds into his operating accounts which exposed his clients' funds to his creditors' collection efforts. The Bar's Investigative Panel initiated a grievance against Johnson on August 19, 2015, and on October 19, 2015, Johnson submitted to the Investigative Panel a petition for voluntary discipline requesting the imposition of an Investigative Panel reprimand. The Investigative Panel determined that the appropriate discipline would be a Review Panel reprimand, which prompted the filing of Johnson's petition for voluntary discipline in this Court.

Id. at 744-745.

As before, Johnson admits that his conduct violated Bar Rules 1.15 (I) (a), 1.15 (II) (a), 1.15 (II) (b), and 8.4 (a) (4), of the Georgia Rules of Professional Conduct. See Bar Rule 4-102 (d). The maximum sanction for a violation of

2

each of these Bar Rules is disbarment.  In mitigation of discipline, Johnson offers that he has no prior disciplinary history, has cooperated by submitting a detailed letter concerning his misconduct to the State Bar and consulting with the Law Practice Management Program as advised, has otherwise good character and reputation as shown by submitted letters of support from the legal community, and has expressed remorse for his conduct.  Johnson suggests that the appropriate discipline in his case should fall somewhere in a range between a suspension for one month and a suspension for one year, although he requests a suspension of no more than three months.  The Bar recommends a suspension of one year, and notes in aggravation that Johnson's conduct was dishonest and selfishly motivated.

Having reviewed the record as a whole, we decide that the imposition of a six-month suspension is the appropriate sanction in this matter, see *In the Matter of Carragher*, 289 Ga. 826 (716 SE2d 216) (2011), and we therefore accept Johnson's petition for voluntary discipline. Accordingly, we hereby order that he be suspended from the practice of law in this State for six months. Because there are no conditions on Johnson's reinstatement other than the passage of time, there is no need for him to take any action either through the

State Bar or through this Court to effectuate his return to the practice of law. Instead, the suspension based on this opinion will take effect as of the date this opinion is issued and will expire by its own terms six months later. Johnson is reminded of his duties pursuant to Bar Rule 4-219 (c).

<u>Petition for voluntary discipline accepted. Six-month suspension. All the Justices concur.</u>

4

Decided January 29, 2018.

Suspension.

R. Gary Spencer, for Johnson.

Paula J. Frederick, General Counsel State Bar, Jenny K. Mittelman, Wolanda R. Shelton, Assistant General Counsel State Bar, for State Bar of Georgia.