304 Ga. 824
FINAL COPY

S18Y1159.  IN THE MATTER OF  AMBER CECILE SAUNDERS.

PER CURIAM.

This disciplinary matter is before the Court on the Petition for Voluntary Discipline filed by Amber Cecile Saunders (State Bar No. 827587), filed in March 2018, before the issuance of a formal complaint. See Bar Rule 4-227 (b) (2).[1] Saunders, who was admitted to the Bar in 2013, admits that her conversion of client funds for her own personal use violated Rules 1.15 (I) (c) and 1.15 (II) (b) of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d) and agrees to a suspension of up to 12 months. Twelve months is the appropriate sanction in the light of mitigating circumstances.

In her petition, Saunders explains the circumstances leading up to her

---

[1] On January 12, 2018, this Court entered an order amending Part IV of the Rules and Regulations for the Organization and Government of the State Bar of Georgia ("Bar Rules"), including Bar Rule 4-102 (d), which contains the Georgia Rules of Professional Conduct. The amendments were effective July 1, 2018, with certain exceptions not relevant here. The order also provided that "the former rules shall continue to apply to disciplinary proceedings commenced before July 1, 2018"    such as this proceeding    "provided that, after July 1, 2018, the State Disciplinary Board shall perform the functions and exercise the powers of the Investigative Panel under the former rules, and the State Disciplinary Review Board shall perform the functions and exercise the powers of the Review Panel under the former rules."

misuse of the client funds. She explained that her boyfriend, with whom she shared an apartment, had an emotional downward spiral and failed to pay his portion of the expenses. Saunders, who had practiced on her own for less than a year, was unable to meet the couple's shared financial obligations, her credit was destroyed, and her car was repossessed. Her boyfriend then became abusive, causing Saunders to leave the apartment with only the clothes on her back and to give up her office space so that he would be unable to find her. Then in 2015, Saunders obtained $26,283.50 in an arbitration proceeding on behalf of an incarcerated client. She used the portion of the funds to which she was entitled as her fee to purchase a car, but the car broke down. Because Saunders was too embarrassed to seek help, she converted the client's funds for her own personal use to recover from the financial challenges brought on by her former relationship.

In mitigation, Saunders states that the client has been repaid in full; she has no prior disciplinary history; she cooperated with the disciplinary process by submitting a detailed letter of her misconduct to the Investigative Panel member assigned to the case; her actions were due to extreme emotional distress stemming from domestic violence; she has undergone counseling to rebuild her

self-esteem to avoid similar problems in the future; she otherwise has good character and reputation as shown by letters of support from the legal community; and she is remorseful.

In its response, the State Bar does not dispute the facts presented by Saunders and confirms that the client was repaid, although the State Bar notes that the client had to wait a year for the funds. The State Bar argues that Saunders's conduct would support the aggravating factors of dishonesty and selfish motive, and agrees with the mitigating factors listed by Saunders.[2] See ABA Standards for Imposing Lawyer Sanctions §§ 9.22 and 9.32; In the Matter of Morse, 266 Ga. 652, 653 (470 SE2d 232) (1996). The State argues that a suspension of 12 to 18 months would best serve the interests of the public and the Bar, and Saunders replied that she would voluntarily accept up to a 12-month suspension.

Having reviewed the filings in this case, we find that a 12-month

---

[2] The State Bar also argues that there is an additional mitigating factor — Saunders's inexperience in the practice of law. But inexperience in the practice of law is not mitigating; even a first-year law student should understand that conversion of client funds for personal use is impermissible. Cf. In the Matter of Jones, 293 Ga. 264, 267 (2) n.8 (744 SE2d 6) (2013) ("Whether a lawyer has been practicing for thirty years, or only for a few days, he ought to know that an attorney should not smuggle contraband to a client in jail. This is not the sort of case in which experience in the practice of law has any relevance to the misconduct.").

suspension is appropriate and is consistent with the sanctions imposed in similar cases involving the misuse of client funds. See, e.g., In the Matter of Lang, 292 Ga. 894 (741 SE2d 152) (2013) (accepting petition for voluntary discipline and imposing 12-month suspension where lawyer mishandled client funds); In the Matter of Carragher, 289 Ga. 826 (716 SE2d 216) (2011) (imposing 12-month suspension where lawyer mishandled client funds). Accordingly, it is hereby ordered that Amber Cecile Saunders be suspended from the practice of law in the State of Georgia for a period of 12 months, effective as of the date of this opinion. Saunders is reminded of her duties pursuant to Bar Rule 4-219 (c).

Petition for voluntary discipline accepted. Twelve-month suspension. All the Justices concur.

Decided December 10, 2018.

Suspension.

R. Gary Spencer, for Saunders.

Paula J. Frederick, General Counsel State Bar, Jenny K. Mittelman, Wolanda R. Shelton, Assistant General Counsel State Bar, for State Bar of Georgia.

5