S08Y0727. IN THE MATTER OF R. JAMES BABSON, JR.

(659 SE2d 384)

PER CURIAM.

This matter is before the Court on Respondent R. James Babson, Jr.'s Petition for Voluntary Discipline filed after the filing of a Formal Complaint. In his petition he admits violating Rules 1.7 (a), 1.15 (I) (a) and (b), 1.15 (II) (b), and 8.4 (a) (4) of the Georgia Rules of Professional Conduct for which he seeks a one-year suspension with conditions. See Bar Rule 4-102 (d).

The special master, Bryan A. Downs, conducted a hearing and made the following findings of fact: Babson represented a client in a workers' compensation case, and when the case settled, Babson converted the $44,700 in settlement proceeds for his own use; the client did not learn of the settlement or conversion until the client made direct inquiry with the insurance company; and approximately six weeks before Babson converted the funds, he had a mental breakdown and attempted suicide, and also during that time he was dealing with his sister's terminal illness and the end of a relationship. The special master further found that Babson is no longer required to take medication; is only required to see his general physician periodically; has a healthy and positive mental state; and does not appear to be suffering from any chronic or permanent mental disorder that would impair his ability to practice law in the future. In mitigation of discipline, the special master found that Babson voluntarily repaid the $44,700 to his client, had extreme turmoil in his personal life for which he sought professional help, made full and free disclosure and cooperated with disciplinary authorities, has offered to refund the $15,300 in attorney's fees his client paid, with interest, as well as interest on the $44,700 from March 28, 2006, and has expressed remorse for his conduct.

Babson committed grave professional offenses, and his conduct was not accidental or merely negligent. Moreover, his injured client was harmed by the deprivation of the settlement funds for over four months. But we agree with the special master that the mitigating factors are sufficient in this case to overcome those aggravating factors. Accordingly, we hereby order that R. James Babson, Jr., be suspended from the practice of law for a period of one year from the date of this opinion and as conditions to reinstatement must provide to the Office of the General Counsel reasonable and satisfactory proof that he has paid his client $15,300 plus interest at the legal rate of 7% from March 28, 2006 to the date of payment, plus interest at the same rate on the amount of $44,700 from March 28, 2006 to August 11, 2006. See OCGA § 7-4-2 (a) (1) (A). He is reminded of his duties under Bar Rule 4-219 (c).

*One-year suspension. All the Justices concur.*

DECIDED MARCH 31, 2008.

*William P. Smith III, General Counsel State Bar, Jonathan W. Hewett, Assistant General Counsel State Bar*, for State Bar of Georgia.