S11Y0538. IN THE MATTER OF TONY EUGENE MATHIS.
(705 SE2d 158)

PER CURIAM.

This disciplinary matter is before the Court on the Petition for Voluntary Discipline filed by Respondent Tony Eugene Mathis (State Bar No. 477066) in which he requests a twelve-month suspension with conditions for his admitted violation of Rules 1.3, 1.4, 1.16 and 9.3 of Bar Rule 4-102 (d) in connection with his representation of a client. The State Bar recommends acceptance of Mathis' petition.

In his petition, Mathis, who has been a member of the State Bar of Georgia since 1997, admits that a client retained him in July 2008 with regard to an action for modification of child custody and support; that the client paid him $2,000 for the representation; that he did not file an action for modification on the client's behalf until February 2009; that he failed to communicate with the client

regarding the action, despite the client's attempts to contact him; that he abandoned the action without just cause and caused the client to suffer worry and concern regarding the status of his case; that after the client discharged him he failed to return his client's file and unearned fees, although the client requested that he do so; that he failed to respond to the Notice of Investigation issued with regard to this matter; and that he has been suspended as a result of that failure since March 12, 2010. While admitting that his actions violated the disciplinary rules, Mathis submits that his misbehavior stemmed from depression that had been building for years; that he has since sought counseling to deal with that depression; and that he is now better equipped to deal with the condition.

Based on the record as a whole, we agree that Respondent's actions violated Rules 1.3, 1.4, 1.16 and 9.3. Although violation of some of those Rules may be punished by disbarment, we find in mitigation that Mathis has not previously been suspended; that he has been cooperative in these disciplinary proceedings; that his misconduct was in part the result of mental or emotional difficulties; that he has taken responsibility for his actions, and sought help for his condition; and that he is remorseful for his conduct.

Therefore, we accept Mathis' petition and order that Mathis be suspended from the practice of law in Georgia for a period of twelve months nunc pro tunc to March 12, 2010 with his reinstatement conditioned on his proof to the State Bar of Georgia that he has repaid his client $2,000 and that he has obtained certification from the Lawyer's Assistance Program that he is fit to return to the practice of law. Mathis is reminded of his duties under Bar Rule 4-219 (c).

*Twelve-month suspension with conditions. All the Justices concur, except Thompson and Nahmias, JJ., who dissent.*

NAHMIAS, Justice, dissenting.

I agree with the majority that a 12-month suspension with conditions on reinstatement would be appropriate discipline in this case. However, I disagree that the suspension should be nunc pro tunc to March 12, 2010, the date Mathis stopped practicing law not voluntarily but as a result of an interim suspension order that this Court entered after Mathis failed to respond to the State Bar's Notice of Investigation as required by Rule 9.3 of Bar Rule 4-102 ("During the investigation of a grievance filed under these Rules, the lawyer complained against shall respond to disciplinary authorities in accordance with State Bar Rules.").

This Court has on occasion entered a suspension or voluntary surrender order nunc pro tunc to the date the lawyer being disciplined stopped practicing law. While the reasons for such nunc pro

tunc orders have not been entirely clear or consistent, in a decision issued last November we explained that

> disciplinary sanctions may be mitigated when lawyers who have violated Bar Rules admit their misconduct *and take voluntary and affirmative action in response, such as promptly ceasing the practice of law because they anticipate future suspension or disbarment.* . . . When a lawyer seeks mitigation on this basis, however, it may be difficult for the Bar and this Court to determine whether and when cessation of the practice of law actually occurred. *We emphasize, therefore, that when an attorney requests entry of a suspension or voluntary surrender order nunc pro tunc, it is the lawyer's responsibility to demonstrate that they voluntarily stopped practicing law*, the date on which their law practice ended, and that they complied with all the ethical obligations implicated in such a decision, such as assisting clients in securing new counsel and facilitating the transfer of client files and critical information about ongoing cases to new counsel.

*In the Matter of Onipede*, 288 Ga. 156, 156-157 (702 SE2d 136) (2010) (emphasis added).

Mathis' petition for voluntary discipline, the State Bar's response not objecting to the proposed discipline, and the majority opinion all fail to cite *Onipede* or explain why the proposed discipline is consistent with that recent and unanimous decision. In my view, the majority's decision today is squarely contrary to *Onipede*, because Mathis did not voluntarily stop practicing law in anticipation of discipline but instead required the State Bar to seek an order from this Court formally suspending him due to his failure to respond to his notice of discipline — which itself is a significant disciplinary violation.

If the majority believes that the other mitigating factors presented by Mathis support a shorter post-order suspension, it should order a shorter suspension, rather than undermining the clear direction regarding nunc pro tunc disciplinary orders that we so recently provided in *Onipede*. Accordingly, I would reject the petition for voluntary discipline seeking a 12-month suspension nunc pro tunc to March 12, 2010, while noting that we would look favorably on a petition proposing a suspension without the nunc pro tunc condition. See *In the Matter of Seshul*, 287 Ga. 158, 158 (695 SE2d 24) (2010) (accepting a second petition for voluntary discipline seeking an interim suspension, which was identical to the first petition except for the deletion of a nunc pro tunc condition that the Court

had explained was the reason for the first rejection).

I am authorized to state that Justice Thompson joins in this dissent.

DECIDED FEBRUARY 7, 2011.

*Paula J. Frederick, General Counsel State Bar, Jenny K. Mittel-man, Assistant General Counsel State Bar*, for State Bar of Georgia.