S11Y0915. IN THE MATTER OF NAKATA S. SMITH FITCH.
(710 SE2d 563)

PER CURIAM.

This matter is before the Court on the Report and Recommendation of the special master, D. Warren Auld, who recommends that Respondent Nakata S. Smith Fitch (State Bar No. 262068) be suspended from the practice of law for a period of one year, with conditions for reinstatement, for her violations of Rules 1.15 (I) (a), (b) and (c), 1.15 (II) (a) and (b), 1.3 and 1.4 of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d). Rules 1.15 (I) and (II),

and 1.3 may be punished by disbarment; Rule 1.4 may be punished by a public reprimand. The State Bar filed a Formal Complaint, which Fitch acknowledged and to which she filed a response. An evidentiary hearing was held, after which the special master issued his report. Neither party requested Review Panel review of the special master's findings and conclusions.

The special master found that a client hired Fitch in April 2004 to set aside a default judgment obtained against her while she was represented by another attorney. The client paid Fitch $1,500, and Fitch filed several motions to attempt to set aside the judgment, but they were denied. The client paid Fitch an additional $5,000 to appeal the denial, but the appeal was dismissed as untimely and for failure to follow the proper procedure for discretionary review. Fitch continued to represent the client in a contempt action filed to enforce the order in the original action. That order required the client to pay opposing counsel's fees of $831.21. In July 2005 the client gave Fitch the money to hold pending appeal of the contempt order. Also in July 2005 the client gave Fitch $3,000 to proceed on two probate court matters. In September 2005 the client received $6,000 in restitution from her former attorney as a result of negotiations with the State Bar, and she sent the check to Fitch with the agreement that Fitch would hold it for safekeeping out of concern that cashing it would be construed as full satisfaction before the client knew if there was any further harm from the attorney's representation. Fitch placed the check in the client's file. In May 2006 Fitch discovered that the check no longer was negotiable and testified that she contacted the attorney, received a replacement check and deposited it in anticipation of a real estate closing for the client; the check was payable to the client and the Fitch Firm. At the closing the funds were tendered but then returned, and Fitch deposited them into her account despite the client's testimony that she did not give permission to tender the funds at the closing. Between June and August 2006 Fitch transferred the $6,000 and $831.21 from her escrow account to her operating account. Fitch testified that the client gave her permission to draw on the funds, but the client disputed that testimony. In July 2006 the client asked Fitch to deliver to her the $6,000. Fitch testified that she told the client she would do so after an accounting to determine fees owed. In August 2006 the client demanded return of the $6,000 and an accounting of the previous $3,000 paid. There was no evidence of an accounting, and Fitch did not deliver the funds even though the client repeated her demand in October and December 2006 and January 2007. Fitch transferred the $831.21 from her escrow account to her general account without notifying the client and did not send any billing statements to the client during her representation. Fitch testified that she was on "court approved"

maternity leave from December 4, 2006 until March 4, 2007, and that during this time she did not check her mail or make arrangements to have it forwarded to her home. Her husband had an office in the same location, but she did not ask him to check her mail. The appeal of the contempt order was denied in October 2006 because no transcript was filed and the brief was inadequate because it had no statement of proceedings and only a one-sentence enumeration of error, cited an incorrect code section and contained no citation to the record. The Court of Appeals imposed a $250 penalty on Fitch and the client for a frivolous appeal. In January 2007 the client delivered a certified letter to Fitch terminating her representation and notifying her that opposing counsel served the client with a contempt action for failure to pay the $831.21. The client demanded Fitch pay opposing counsel the money and pay costs incurred as a result of the Court of Appeals' decision. She also asked Fitch to return the $6,000 and the $3,000 because the probate matters never were filed. The client's letter was returned unclaimed. The client paid opposing counsel $1,744.54, the $250 Court of Appeals' sanction and $500 in additional attorney fees incurred to file the second contempt action.

The special master concluded that Fitch violated Rules 1.15 (I) and (II). He found the client's testimony unequivocal that she never consented to Fitch taking any part of her funds being held, and he found Fitch's testimony less credible than the client's because the client kept notes of the events and showed that she kept abreast of all sums she had paid in fees and expenses; she made repeated demands for the $6,000, showing she distinguished between amounts paid for fees and funds being held in escrow; Fitch said she would return the funds but never did and never acknowledged that she had taken them; there was no contract or other writing to support Fitch's claim that she was owed the $6,000; and she never produced a single billing statement until after the grievance was filed and she produced those to the State Bar. The special master found Fitch's credibility undermined by the way she took the funds — she removed them from her escrow account in August after she received the client's demand for return of the funds; she did not provide any notice that she was taking the funds; and she failed to respond to the client's demands. The special master concluded that Fitch violated Rule 1.3 by failing to promptly return funds to the client and to provide an accounting for her funds. The special master also concluded that Fitch violated Rule 1.4 by failing to respond to the client's requests for the return of funds held in the trust account and failing to provide for an adequate means of communication during her maternity leave.

Fitch did not present any factors in mitigation of discipline but the State Bar observed that she had no prior disciplinary actions.

Also in mitigation, we note that Fitch reimbursed the client for the funds removed from her trust account (albeit, not necessarily on a timely basis) and that her pregnancy, while not really a mitigating factor, was still a significant event in her life during the time in question and should be given some weight as to the issues concerning lack of communication. In aggravation, we find that Fitch's actions demonstrated a lack of concern for the interests of her client and were for a selfish motive. She never acknowledged the wrongful nature of her conduct or that her actions were inappropriate. Suspensions have been imposed for violations of Rules 1.15 (I) and (II) where the lawyer has made restitution, shown remorse and cooperated with the State Bar, see *In the Matter of Babson*, 283 Ga. 382 (659 SE2d 384) (2008); *In the Matter of Gbaja*, 281 Ga. 659 (641 SE2d 532) (2007); *In the Matter of Jones*, 280 Ga. 302 (627 SE2d 24) (2006); *In the Matter of Summers*, 278 Ga. 57 (597 SE2d 364) (2004). While Fitch did not show remorse, we agree that her actions were not theft, but poor practice management, particularly the failure to enter into a clear representation agreement and fee schedule. Accordingly, after reviewing the record, we hereby order that Fitch is suspended from the practice of law in the State of Georgia for a period of one year from the date of this opinion, with the conditions that prior to reinstatement Fitch attend an Ethics School offered by the State Bar and within six months of reinstatement successfully submit to, pay for, and implement the recommendations of, an evaluation by the State Bar's Law Practice Management Program. She is reminded of her duties under Bar Rule 4-219 (c).

*One-year suspension, with conditions. All the Justices concur.*

DECIDED MAY 31, 2011.

*Paula J. Frederick, General Counsel State Bar, A. M. Christina Petrig, Assistant General Counsel State Bar*, for State Bar of Georgia.