## S12Y1025. IN THE MATTER OF AMJAD MUHAMMAD IBRAHIM.
### (727 SE2d 501)

PER CURIAM.

This disciplinary matter is before the Court on the Report and Recommendation of the special master, James H. Cox, who recommends that the Court accept the petition for voluntary discipline filed by Amjad Muhammad Ibrahim (State Bar No. 382516) after the State Bar filed a Formal Complaint. In his petition, Ibrahim requests the imposition of a Review Panel reprimand for his admitted violations of Rules 1.2 (a), 1.15 (I), and 1.15 (II) of the Georgia Rules of Professional Conduct. See Bar Rule 4-102 (d). Although the maximum sanction for a violation of either Rule is disbarment, the State Bar has indicated that it has no objection to the requested discipline.

A review of the record shows that Ibrahim provided a chiropractor with blank copies of his firm's retention agreement to present to patients in need of legal representation. On January 16, 2007, a person involved in an automobile accident signed the retainer agreement at the behest of the chiropractor's representative, and the chiropractor then faxed the attorney employment agreement to Ibrahim. Without talking with his client, Ibrahim began settlement discussions with State Farm Insurance Company. In May 2008, with the client's consent, Ibrahim accepted State Farm's offer of $4,100 to settle the personal injury claim. He received and deposited a settlement check for $2,733.34 into a bank account that he used as his "escrow account." Ibrahim notified his client to come to the office to receive his share of the settlement, which had been reduced by a workers' compensation claim arising from the same accident. The client refused to sign the settlement documents because he was dissatisfied with his share, which was approximately $1,000. In the summer of 2008, Ibrahim closed the "escrow account" due to wire thefts and says he placed the disputed sum of $2,733.34 in his office safe. Despite letters from State Farm demanding that he return the executed settlement documents, Ibrahim did not return the settlement funds or respond to the letters. The client discharged Ibrahim on September 25, 2008, and filed a grievance with the State Bar in January 2009. Ibrahim held the disputed funds for more than two

years without suggesting a resolution and did not return the $4,100 settlement to the insurance company until November 2010.

The special master found that Ibrahim: (1) failed to maintain a trust account or IOLTA account from 1994 to 2010 or pay interest on any funds held "in trust" during that period; (2) failed to keep appropriate account of client and trust funds; and (3) held the disputed settlement funds for two years and returned them only after a disciplinary proceeding was instituted. In addition, the special master found no evidence that Ibrahim had an improper motive or that any client lost money due to his failure to maintain a proper trust account. Although the special master was "troubled" by Ibrahim's ignorance or disregard of the rules regarding trust accounts, he determined "with some reservations" that a Review Panel reprimand was the most appropriate discipline.

In determining the appropriate level of punishment, the special master did not consider Ibrahim's prior disciplinary history. This Court suspended Ibrahim for approximately five weeks in October 2009 for failing to file a written response to the State Bar's Notice of Investigation in this case, and the Investigative Panel issued two letters of admonition for his practicing law while suspended and failing to timely answer the Notice of Investigation. Ibrahim also received a formal letter of admonition in 2002 on an unrelated matter. Although Ibrahim lists these other sanctions as a mitigating factor, the existence of other disciplinary violations is generally an aggravating factor. See *In the Matter of Jefferson Lee Adams*, 289 Ga. 435 (711 SE2d 627) (2011).

Given these prior disciplinary violations, Ibrahim's failure to protect his clients' funds in a trust account, and the other facts admitted in his petition, we conclude that a Review Panel reprimand is not an appropriate level of discipline in this case. Accordingly, we reject Ibrahim's petition for voluntary discipline.

*Petition for voluntary discipline rejected. All the Justices concur.*

DECIDED MAY 7, 2012.

*Paula J. Frederick, General Counsel State Bar, Jonathan W. Hewitt, Assistant General Counsel State Bar*, for State Bar of Georgia. *Warren R. Hinds*, for Ibrahim.