## S13Y0007. IN THE MATTER OF AMJAD MUHAMMAD IBRAHIM.
### (733 SE2d 331)

PER CURIAM.

This Court recently rejected a petition for voluntary discipline filed by Amjad Muhammad Ibrahim (State Bar No. 382516) to resolve a client grievance. See *In the Matter of Ibrahim*, 291 Ga. 94 (727 SE2d 501) (2012) (*Ibrahim I*). Ibrahim then filed an amended petition for voluntary discipline agreeing to accept up to an 18-month suspension with conditions on reinstatement to resolve that grievance and a new, unrelated grievance that was still at the screening stage with the State Bar. The special master, James H. Cox, agreed to accept Ibrahim's amended petition and recommended the 18-month suspension with conditions as discipline for Ibrahim's admitted violations of Rules 1.2, 1.3, 1.4, and 1.15 (I) and (II) of the Georgia Rules of Professional Conduct. See Bar Rule 4-102 (d). The maximum sanction for a single violation of Rules 1.2, 1.3, or 1.15 is disbarment.

The facts underlying the initial grievance and related violations of Rules 1.2 and 1.15 (I) and (II) are set out in *Ibrahim I*. See 291 Ga. at 94-95. With regard to the new grievance, Ibrahim admits that in June 2010, a man paid him $2,730 for immigration filing fees for a petition for citizenship for the man and his wife. Ibrahim deposited the money in a "filing fees account," which was not an IOLTA account and which contained both client and firm funds. Ibrahim did not promptly file the petition for citizenship, and in May 2011, the clients retained new counsel. The following month, Ibrahim refunded the full $2,730 he had been paid, but he admits that he violated Rules 1.3, 1.4, and 1.15 (I) in his dealings with this matter.

We agree with the special master that Ibrahim's admitted conduct with regard to these two grievances violated Rules 1.2, 1.3, 1.4, and 1.15 (I) and (II). In light of the mitigating and aggravating factors discussed in *Ibrahim I,* see 291 Ga. at 95, taken together with

Ibrahim's prior disciplinary history, see id., we agree that an 18-month suspension is an appropriate sanction for his violations, subject to certain conditions on reinstatement to which Ibrahim has agreed. On reinstatement, Ibrahim must: (1) within three months, consult with the State Bar's Law Practice Management Department, timely implement the Department's suggestions concerning his practice, and meet again with the Department six months after his reinstatement to review the measures taken; (2) submit for one year, at his own expense, to quarterly audits of his office bank accounts by a certified public accountant; (3) waive confidentiality so that the Department and the accountant can submit to the Office of General Counsel their reports, which will specifically assess, at a minimum, Ibrahim's ongoing compliance with Rule 1.15 (I)-(III); and (4) attend the next session of the Ethics School offered by the State Bar of Georgia.

Accordingly, Ibrahim's amended petition for voluntary discipline is accepted. Ibrahim is suspended from the practice of law in this State for a period of 18 months from the date of this opinion subject to the conditions on reinstatement listed above. Ibrahim is reminded of his duties under Bar Rule 4-219 (c).

*Eighteen-month suspension with conditions. All the Justices concur.*

DECIDED OCTOBER 15, 2012.

*Paula J. Frederick, General Counsel State Bar, Jonathan W. Hewett, Assistant General Counsel State Bar*, for State Bar of Georgia.
*Warren R. Hinds*, for Ibrahim.