S13Y0736. IN THE MATTER OF ERIC C. LANG.
(741 SE2d 152)

PER CURIAM.

This disciplinary matter is before the Court on the petition of Eric C. Lang (State Bar No. 435515) for voluntary discipline. In his petition, Lang admits violations of Rules 1.4, 1.15 (II), and 4.1 of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d), and for these violations, he agrees to accept a suspension from the practice of law for as many as twelve months, as well as a condition for his reinstatement to the practice of law.[1] The State Bar recommends that we accept the petition.

According to the petition, Lang was retained to defend Dr. William Ross in a lawsuit on a note. The lawsuit was settled in February 2011, and the settlement required Dr. Ross to pay $100,000 to the plaintiff, although the settlement provided that the payment would not be due until November 2011. To fund this payment, Lang and Dr. Ross arranged for Dr. Ross to pay the settlement amount over to Lang in installments, such that Lang would have the full settlement amount by November 2011, at which time Lang would pay it over to the plaintiff on behalf of Dr. Ross. In the meantime, of course,

---

[1] Lang requests that we impose a suspension for only six months, but he has agreed to accept a suspension for as many as twelve months. We note that the maximum penalty for a violation of Rule 1.15 (II) or Rule 4.1 is disbarment, and the maximum penalty for a violation of Rule 1.4 is a public reprimand.

Lang was to keep the amounts paid by Dr. Ross in his trust account. By August 2011, Dr. Ross had tendered the full settlement amount to Lang.

Lang had his own law firm, and by August 2011, his law firm was experiencing serious financial problems. At that time, Lang was awaiting payments in settlement of several other cases that would, he thought, be sufficient to resolve the financial problems of his firm. To pay the expenses of the firm as he awaited the outstanding payments, Lang drew upon the funds in his trust account, including those that had been paid over by Dr. Ross to fund the November 2011 settlement. Lang intended to repay the trust account when his firm received the outstanding payments in settlement of the other cases. Those outstanding payments, however, did not come soon enough.

In November 2011, Lang found himself unable to pay the amount due to the plaintiff in the lawsuit on the note. To buy time, Lang deceptively sent transmittal letters to his opposing counsel, which purported to, but did not, enclose a check for the amount of the settlement. In December 2011, Lang sent copies of the transmittal letters to his opposing counsel, but he again failed to enclose a check. These mailings made it appear that the check had been lost or omitted inadvertently. Lang also undertook to create the false impression that an overnight package had been sent to opposing counsel. And at some point, Lang wrote and tendered a check for the settlement amount, but when it was dishonored for insufficient funds, he blamed the dishonor on unrelated transactions in his trust account. In January 2012, Dr. Ross asked Lang for an accounting of the funds that Dr. Ross had paid to Lang, and although Lang responded to this request, Lang failed to inform Dr. Ross that the settlement amount never had been paid over to the plaintiff.

Eventually, the plaintiff recorded a judgment against Dr. Ross, and the plaintiff served post-judgment discovery upon Lang, which he failed to answer. Instead, Lang began in March 2012 to pay portions of the settlement amount over to the plaintiff.[2] In May 2012, the court set the matter down for a hearing, and at that point, Lang informed his client of his misappropriation of trust funds. The court ordered Lang to pay the balance of the settlement amount, as well as the attorney fees incurred by the plaintiff in its efforts to recover the settlement payment.

In mitigation, Lang asks us to consider that he has paid the settlement amount and attorney fees in full and that he has made full restitution to this client. In addition, he shows that he has been under

---

[2] Lang paid $20,000 in March 2012 and $40,000 in May 2012.

psychiatric care for anxiety for the last ten years. Since filing his petition, Lang has received both inpatient and intensive outpatient care from the impaired professionals program at the Ridgeview Institute, where he has been treated for major depression and symptoms of bipolar disorder. Aside from the wrongdoing that is the subject of his petition, Lang shows that he enjoys a good reputation for character and integrity. Lang also shows that he has done extensive pro bono work and has volunteered in his community, both professionally and personally. Moreover, Lang has shown remorse for his wrongdoing, and he has offered apologies to his client, the State Bar, and this Court. Lang notes that his misappropriation of trust funds was not for his own pleasure or amusement, but rather to pay amounts owed to the creditors and employees of his law firm.[3] And Lang shows that he voluntarily has reoriented his law practice since his wrongdoing, and he now does not offer to provide legal services directly to clients, but only to assist other lawyers in their provision of legal services. Finally, we note that Lang has arranged to speak to other lawyers about his own wrongdoing and the problem of impaired legal counsel, including at a continuing legal education program.

The period for which Lang has agreed to a suspension — six to twelve months — is comparable to the periods of suspension that we have imposed in other disciplinary cases involving the misuse of client funds. See, e.g., *In the Matter of Terrell*, 291 Ga. 91 (727 SE2d 499) (2012) (six-month suspension); *In the Matter of Carragher*, 289 Ga. 826 (716 SE2d 216) (2011) (one-year suspension with conditions); *In the Matter of Fitch*, 289 Ga. 253 (710 SE2d 563) (2011) (one-year suspension with conditions); *In the Matter of Taylor*, 284 Ga. 867 (672 SE2d 653) (2009) (six-month suspension and Review Panel reprimand); *In the Matter of Babson*, 283 Ga. 382 (659 SE2d 384) (2008) (one-year suspension with conditions); *In the Matter of Jones*, 280 Ga. 302 (627 SE2d 24) (2006) (twelve-month suspension); *In the Matter of Summers*, 278 Ga. 57 (597 SE2d 364) (2004) (six-month suspension); *In the Matter of Ross*, 272 Ga. 448 (531 SE2d 356) (2000) (twelve-month suspension with conditions). The wrongdoing in this case, however, involved not only the misuse of client funds by Lang, but also a prolonged effort to deceive his client, his opposing counsel, and their client about the status of the settlement payment. This aggravating circumstance leaves us unwilling to accept a suspension for only six months, which is the discipline that Lang specifically requests.

---

[3] If Lang were liable personally for the debts of his firm, he would be indirectly enriched, of course, by the retirement of the debts of the firm. We do not know the extent, if any, to which he is liable personally for such debts, and we have discounted the mitigating value of this circumstance to account for that uncertainty.

Nevertheless, we recognize that this case also involves substantial mitigating circumstances, and in light of those mitigating circumstances, we conclude that a suspension for twelve months is appropriate discipline, with reinstatement conditioned upon a showing of fitness to resume the practice of law.

Accordingly, we accept the petition for voluntary discipline, and we hereby order that Eric C. Lang be suspended from the practice of law for a period of twelve months, effective as of the date of this opinion. At the conclusion of those twelve months, Lang may seek reinstatement to the practice of law, see *In the Matter of Fair*, 292 Ga. 308, 309 (736 SE2d 430) (2013), provided that he has obtained a certification from a licensed psychologist or psychiatrist that he is fit to return to the practice of law. Lang is reminded of his duties under Bar Rule 4-219 (c).

*Petition for voluntary discipline accepted. Twelve-month suspension with conditions. All the Justices concur.*

DECIDED MAY 6, 2013.

*Peters, Rubin & Sheffield, Robert G. Rubin*, for Lang.
*Paula J. Frederick, General Counsel State Bar, Jenny K. Mittelman, Assistant General Counsel State Bar*, for State Bar of Georgia.