FINAL COPY
294 Ga. 482

S14Y0171.  IN THE MATTER OF ERIC C. LANG.

PER CURIAM.

This disciplinary matter is before the Court on the petition of Eric C. Lang (State Bar No. 435515) for voluntary discipline in which he seeks a six-month suspension to run consecutively to the existing 12-month suspension imposed following Lang's filing of an earlier petition for voluntary discipline.  In the Matter of Lang, 292 Ga. 894 (741 SE2d 152) (2013).

According to the petition, Lang, who was admitted to the Bar in 1990, represented a client who had been sued on a note.  Summary judgment was granted against the client in 2012 on all issues except damages.  On May 1, 2013, while the prior petition for voluntary discipline was pending in this Court, there was a final hearing on damages, and judgment was entered against the client.  Lang did not tell the client of the hearing or of the judgment entered against him.  When this Court imposed its suspension on Lang on May 6, 2013, Lang informed his client of the suspension, but still did not tell his client about the unfavorable judgment.  The client learned of the judgment in July 2013 when he received a notice of garnishment.  When asked for an explanation,

Lang finally disclosed the result of the May 1 hearing.

Lang admits that by this conduct he violated Rules 1.3 and 1.4 of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d). The maximum sanction for a violation of Rule 1.3 is disbarment, and the maximum sanction for a violation of Rule 1.4 is a public reprimand.

In mitigation, Lang offers that he was experiencing emotional problems during the relevant time, including continuing treatment for bipolar disorder and major depressive disorder, as well as the circumstances set forth in the earlier petition, see Lang, 292 Ga. at 895-896. Lang states that his treatment is ongoing and involves adjustments to medication, which adjustments are not yet complete. Lang also submits that he has attempted to mitigate any damages to his client by arranging and paying for substitute counsel, assisting substitute counsel (within the bounds permitted by his suspension) by providing an affidavit in support of the client's motion for out-of-time appeal, and by conducting research related to the garnishment action that uncovered an underlying error that should lead to significant financial benefit to his client. Lang further states that he has otherwise exhibited good character, integrity, and reputation, and is deeply remorseful and has apologized to his client. He also

2

notes that while he can apply for reinstatement as early as May 6, 2014, the suspension is actually indefinite, until such time as he can receive certification that he is mentally fit to practice law.

The Bar requests that the Court reject the petition. It notes that Lang's neglect in his representation of his client occurred while the prior petition was pending and that in connection with that prior petition, Lang represented that he was working to completely eliminate any instances in which he worked directly for clients. The Bar also notes that in addition to the ongoing suspension, Lang received an Investigative Panel Reprimand in 2008.

In light of the record, we reject Lang's petition for voluntary discipline. We conclude that a six-month consecutive suspension is inadequate under these circumstances, especially considering that Lang's actions in neglecting a client's matter occurred during the pendency of the prior petition for voluntary discipline.

Petition for voluntary discipline rejected. All the Justices concur.

3

Decided January 27, 2014.

Petition for voluntary discipline.

Peters, Rubin & Sheffield, Robert G. Rubin, for Lang.

Paula J. Frederick, General Counsel State Bar, Jenny K. Mittelman, Assistant General Counsel State Bar, for State Bar of Georgia.