295 Ga. 220
FINAL COPY

S14Y0892.  IN THE MATTER OF ERIC C. LANG.

PER CURIAM.

This disciplinary matter is before the Court on a second petition for voluntary discipline filed by Eric C. Lang (State Bar No. 435515), who now seeks a 24-month suspension to run concurrently to the existing 12-month suspension that this Court imposed following his filing of an earlier petition for voluntary discipline involving a different matter.  See In the Matter of Lang, 292 Ga. 894 (741 SE2d 152) (2013).  The Court rejected Lang's first petition addressing the misconduct involved in this matter, which sought a six-month suspension consecutive to his existing suspension.  See In the Matter of Lang, 294 Ga. 482, 482 (754 SE2d 365) (2014).

According to the current petition, Lang, who was admitted to the Bar in 1990, represented a client who had been sued on a note.  Summary judgment was granted against the client in 2012 on all issues except damages.  On May 1, 2013, while Lang's petition for voluntary discipline in the prior matter was pending in this Court, there was a final hearing on damages and judgment was entered against the client.  Lang did not tell the client about the hearing or the

judgment. When this Court imposed its suspension on Lang on May 6, 2013, he informed his client of the suspension, but he still did not tell the client about the unfavorable judgment. The client first learned of the judgment in July 2013, when he received a notice of garnishment. When asked for an explanation, Lang finally disclosed the result of the May 1 hearing.

Lang admits that by this conduct he violated Rules 1.3 and 1.4 of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d). The maximum sanction for a violation of Rule 1.3 is disbarment, and the maximum sanction for a violation of Rule 1.4 is a public reprimand.

In mitigation, Lang offers that he was experiencing emotional problems during the relevant time, including continuing treatment for bipolar disorder and major depressive disorder. He states that he has completed Ridgeview Institute's year-long impaired professionals program and that his treatment is ongoing and involves adjustments to medication, which adjustments are not yet complete, and that although he has been in intensive treatment since October 2012, he did not experience longer term stability until October 2013. Lang also submits that he has attempted to mitigate any damages to his client by arranging and paying for substitute counsel and by assisting substitute counsel within the

2

bounds permitted by his suspension, providing an affidavit in support of the client's motion for out-of-time appeal and conducting research related to the garnishment action that uncovered an underlying error that should lead to significant financial benefit to his client. Lang further states that he has otherwise exhibited good character, integrity, and reputation, and is deeply remorseful and has apologized to his client. He also notes that while he can apply for reinstatement as early as May 6, 2014, the current suspension is actually indefinite, continuing until such time as he can receive certification that he is mentally fit to practice law, and he does not intend to seek reinstatement in May 2014.

Lang consents to a suspension of 24 months to run concurrently from the start date of his existing suspension, May 6, 2013. He asks that his reinstatement be conditioned upon a finding by a licensed psychologist or psychiatrist that he is mentally competent to practice law; that for a three-year period following the termination of his suspension, his continued active status be conditioned upon a quarterly report to the Committee on Lawyer Impairment that he is mentally competent to practice law; and that he execute a waiver of confidentiality with respect to the State Bar's Office of the General Counsel and

his psychologist or psychiatrist for the Committee on Lawyer Impairment.  He also acknowledges the serious errors he made.

The Bar requests that the Court accept the petition, stating that an extension of Lang's current suspension for one year, with the conditions suggested, is appropriate to protect the public and to allow Lang to address his mental health issues.  The Bar also notes that Lang received an Investigative Panel reprimand in 2008.

Having considered the matter fully, we agree that a suspension is the appropriate sanction.  The suspension cannot be made retroactive to May 6, 2013, as Lang suggests, because he has not demonstrated that it is properly entered nunc pro tunc.

> [W]hen an attorney requests entry of a suspension or voluntary surrender order nunc pro tunc, it is the lawyer's responsibility to demonstrate that [he] *voluntarily* stopped practicing law, the date on which [his] law practice ended, and that [he] complied with all the ethical obligations implicated in such a decision, such as assisting clients in securing new counsel and facilitating the transfer of client files and critical information about ongoing cases to new counsel.

In re Onipede, 288 Ga. 156, 157 (702 SE2d 136) (2010) (emphasis added).

Lang did not stop practicing law voluntarily on May 6, 2013, but rather was required to do so by this Court's order.  See In the Matter of Mathis, 288 Ga.

548, 549-550 (705 SE2d 158) (2011) (Nahmias, J., dissenting) (explaining that entering a suspension order nunc pro tunc is not appropriate when the lawyer stopped practicing law as a result of a suspension). Lang also has not shown that by May 6, 2013, he had complied with the ethical obligation to facilitate the transfer of the case at issue here. To the contrary, Lang's misconduct in this case was still ongoing as of the date on which he suggests we should say that he was suspended for that misconduct, since he did not inform his client of the adverse judgment until his client inquired about the garnishment imposed in July 2013.

However, the discipline proposed by Lang in his petition would make his new suspension run for one year beyond May 6, 2014, and an additional one-year suspension is the discipline the Bar recommends. Considering all of the circumstances, we agree that such a suspension is appropriate, and we hereby order that Eric C. Lang be suspended from the practice of law for 12 months, to begin on May 6, 2014 and with the conditions on reinstatement set forth above. At the conclusion of the suspension imposed in this matter, if Lang wishes to seek reinstatement, he must offer proof to the State Bar's Office of General Counsel that the above conditions have been met. If the State Bar agrees that

5

the conditions have been met, it will submit a notice of compliance to this Court, and this Court will issue an order granting or denying reinstatement. Lang is reminded of his duties under Bar Rule 4-219 (c).

Petition for voluntary discipline accepted. Twelve-month suspension with conditions. All the Justices concur.

Decided May 19, 2014.

Suspension.

Peters, Rubin & Sheffield, Robert G. Rubin, for Lang.

Paula J. Frederick, General Counsel State Bar, Jenny K. Mittelman, Assistant General Counsel State Bar, for State Bar of Georgia.