In the Supreme Court of Georgia

Decided:     September 22, 2014

S14Y1394.  IN THE MATTER OF NAKATA S. SMITH FITCH.

PER CURIAM.

This Court suspended the authorization of Nakata S. Smith Fitch (Bar No. 262068) to practice law for a period of one year, beginning on May 31, 2011, for conduct in 2005 to 2007 that violated Rules 1.15 (I) and (II), 1.3, and 1.4 of the Georgia Rules of Professional Conduct contained in Bar Rule 4-102 (d).  See In the Matter of Fitch, 289 Ga. 253 (710 SE2d 563) (2011).  We imposed two conditions on Smith Finch's authorization to practice law thereafter:  (1) her attendance, prior to reinstatement, at an Ethics School offered by the State Bar; and (2) her submission to an evaluation by the State Bar's Law Practice Management Program, at her expense and with successful implementation of the resulting recommendations, within six months of reinstatement.  See id. at 256.  Smith Fitch has not fulfilled either of these conditions and thus remains suspended.

The disciplinary matter now at issue arose out of Smith Fitch's

involvement in a conservatorship case beginning in August 2008. In November 2008, Smith Fitch filed a petition for letters of conservatorship on behalf of a mother and step-father whose minor child received $344,756.77 in life insurance proceeds upon the death of the child's father. The probate court entered a final order in May 2009, and in June 2009, Smith Fitch filed the required annual return for the estate indicating that she had disbursed $20,935.40 from the minor's estate to herself for legal fees and expenses. After reviewing the return, the probate court set a show cause hearing for December 2, 2009, to address these disbursements. In August 2010, Smith Fitch relocated to New York. On September 15, 2010, the court entered an order finding that almost 30% of the fees and expenses that Smith Fitch paid herself were unreasonable. The court ordered her to reimburse the minor's estate $6,002.50 within 30 days. Smith Fitch appealed that order, but the Court of Appeals affirmed it in May 2011 – the same month that this Court suspended her authorization to practice law for one year. Six months later, in November 2011, the probate court held Smith Finch in contempt of court for willfully disobeying the order to reimburse the minor's estate $6,002.50 and for failing to pay court costs of $1,260.

On June 4, 2014, Smith Fitch filed a petition for voluntary discipline,

admitting that her conduct in connection with the conservatorship case violated Rules 1.5 and 8.4 (a) (5) of the Georgia Rules of Professional Conduct. In her petition, Smith Fitch claims that she has been unable to comply with the probate court's orders to reimburse the minor's estate and pay court costs due to her August 2010 relocation to New York, where the cost of living is higher; her unemployment since her move to New York; her unemployability as an attorney since her May 2011 suspension by this Court; and her husband's sudden illness in 2013 and subsequent death in January 2014. Smith Fitch, who was admitted to practice in Georgia in 1998, says that she deeply regrets being unable to comply with the probate court's orders and asserts that she has performed volunteer work and often provided pro bono and discounted legal services. She also claims to have a government contract opportunity that would enable her to comply with the probate court's orders, pay her Bar dues, and pursue her plans of returning to Georgia to practice law in the future.

Smith Fitch asks the Court to accept her petition and to impose "an additional indefinite suspension with reinstatement conditioned on [her] payment in full of the $6,002.50 to the minor's estate, with any interest assessed by the Henry County Probate Court, and payment of the $1,260.00 appeal costs

that [she] owe[s] to the court." The State Bar raises no objection, stating that Smith Fitch has cooperated fully with the Bar in this disciplinary matter and that she has experienced personal difficulties that may have affected her ability to comply with the probate court's September 2010 and November 2011 orders.

Having reviewed the record, however, we reject Smith Fitch's petition for voluntary discipline. Although she identifies some potential mitigating factors, she still has not complied with the conditions that we imposed in May 2011 for her ongoing suspension to be lifted, and all she is offering to do now – as discipline for serious additional misconduct in another case – is to comply with her preexisting obligations to reimburse the minor's estate $6,002.50 plus any assessed interest and to pay $1,260 in court costs. Thus, the "additional" sanction that Smith Fitch proposes is really no sanction at all. Smith Fitch's ethical failings in connection with the conservatorship case are more serious than she appears to take them. Accordingly, we reject her petition.

Petition for voluntary discipline rejected. All the Justices concur, except Benham and Melton, JJ., who dissent.