In the Supreme Court of Georgia

Decided:    September 22, 2014

S14Y0659.IN THE MATTER OF AMJAD MUHAMMAD IBRAHIM.

PER CURIAM.

In October 2012, this Court suspended Respondent Amjad Muhammad Ibrahim (State Bar No. 382516) for 18 months and imposed conditions on his reinstatement as discipline for his violation of a variety of the Georgia Rules of Professional Conduct as set out in Bar Rule 4-102 (d), including, in relevant part, Rules 1.15 (I) and 1.15 (II).  See In the Matter of Ibrahim,  291 Ga. 774 (733 SE2d 331) (2013).  Shortly thereafter, the State Bar filed a new Formal Complaint and Ibrahim filed a petition for voluntary discipline agreeing to accept a three-to-six month extension of his suspension for his new violations of Rules 1.15 (I) and (II).  Although the maximum sanction for a single violation of Rule 1.15 is disbarment, the special master, James H. Cox, agreed to accept Ibrahim's petition and recommended a six-month extension of Ibrahim's suspension for the new violations.

The facts underlying this grievance are that in April 2011 Ibrahim began representing a couple in a personal injury claim arising from an automobile accident. During the representation the couple began experiencing financial difficulties and approached Ibrahim for assistance. Ibrahim's paralegal contacted a financing company and arranged for the couple to receive pre-settlement, nonrecourse financing. The company sent funds to the couple periodically, ultimately providing $2,950 according to its records. Each time, a courier would deliver to Ibrahim's office a sealed envelope addressed to the couple containing the funds in cash and Ibrahim's paralegal would arrange for the couple to come in and retrieve the money. The paralegal would open the package from the financing company, have the couple sign a written receipt and then give them the enclosed sealed envelope containing the cash. The paralegal did not maintain records of the amount of money the couple received from the company, nor was any of that money deposited into and disbursed from Ibrahim's trust account. In January 2012 the couple terminated Ibrahim's representation of them and filed the underlying grievance. Ibrahim admits that he violated Rule 1.15 by failing to supervise his paralegal in her handling of the funds and by failing to deposit the money into his trust account and disburse it

2

from that account to the couple.

We agree with the special master that even though the couple suffered no loss or damage as a result of Ibrahim's violations, a technical violation of Rule 1.15 is sufficiently serious to warrant public discipline so as to protect clients and the public, see In the Matter of Howard, 292 Ga. 413 (738 SE2d 89) (2013). Moreover, in aggravation, we note Ibrahim's prior disciplinary history which includes his current suspension; a five-week suspension in October 2009 for failing to file a written response to the State Bar's Notice of Investigation in the case leading to Ibrahim's current suspension; two formal letters of admonition related to that same case; and a formal letter of admonition in 2002 on an unrelated matter. We agree with the special master that while Bar Rule 4-103 authorizes disbarment, neither the circumstances of this case, nor Ibrahim's overall disciplinary history warrant that sanction. Nevertheless, we emphasize that Ibrahim must, in the future, administer his trust account and manage his office in such a way as to avoid any further violations of the rules. We agree that extending Ibrahim's suspension by six months would be an appropriate discipline for his admitted violations of Rule 1.15.

Accordingly, Ibrahim's petition for voluntary discipline is accepted.

Ibrahim is suspended from the practice of law in this State for an additional six-months beyond the suspension imposed in <u>In the Matter of Ibrahim</u>, *supra*, subject to the same conditions on reinstatement. This six-month suspension is retroactive to April 14, 2014. Ibrahim is reminded of his duties under Bar Rule 4-219 (c).

<u>Six-month additional suspension. All the Justices concur.</u>