In the Supreme Court of Georgia

Decided:    January 19, 2016

S16Y0079.  IN THE MATTER OF NAKATA S. SMITH FITCH.

PER CURIAM.

This disciplinary matter is before the Court on the Report and Recommendation of Special Master Tina Shadix Roddenbery, who recommends that this Court accept the petition for voluntary discipline of Nakata S. Smith Fitch (State Bar No. 262068), filed pursuant to Bar Rule 4-227 (c), after the issuance of a formal complaint, in which she requests a six-month suspension. This matter was previously before the Court on Smith Fitch's petition for voluntary discipline, see In the Matter of Smith Fitch, 295 Ga. 756 (763 SE2d 873) (2014), but this Court rejected the petition because, given Smith Fitch's failure to comply with the conditions for reinstatement imposed by this Court in connection with a previously-imposed suspension, see In the Matter of Smith Fitch, 289 Ga. 253 (710 SE2d 563) (2011), the suspension, originally for one year, was still ongoing, so the proposed "additional" discipline in that petition was not truly a sanction.  The Special Master notes that Smith Fitch cannot

complete the Law Practice Management Program assessment required by her 2011 suspension until she is reinstated and she cannot be reinstated as to the 2011 suspension until this disciplinary matter is resolved.

As set forth in this Court's 2014 opinion,

The disciplinary matter now at issue arose out of Smith Fitch's involvement in a conservatorship case beginning in August 2008. In November 2008, Smith Fitch filed a petition for letters of conservatorship on behalf of a mother and stepfather whose minor child received $344,756.77 in life insurance proceeds upon the death of the child's father. The probate court entered a final order in May 2009, and in June 2009, Smith Fitch filed the required annual return for the estate indicating that she had disbursed $20,935.40 from the minor's estate to herself for legal fees and expenses. After reviewing the return, the probate court set a show cause hearing for December 2, 2009, to address these disbursements. In August 2010, Smith Fitch relocated to New York. On September 15, 2010, the court entered an order finding that almost 30% of the fees and expenses that Smith Fitch paid herself were unreasonable. The court ordered her to reimburse the minor's estate $6,002.50 within 30 days. Smith Fitch appealed that order, but the Court of Appeals affirmed it in May 2011—the same month that this Court suspended her authorization to practice law for one year. Six months later, in November 2011, the probate court held Smith Fitch in contempt of court for willfully disobeying the order to reimburse the minor's estate $6,002.50 and for failing to pay court costs of $1,260.

295 Ga. at 756-57.

In her petition for voluntary discipline, Smith Fitch acknowledged that she

2

did not pay the amounts owed until July 2015, although she maintained that she did not receive notice of the 2011 contempt hearing and that her failure to pay was because of financial difficulties, which were exacerbated by the illness and death of her husband during this period. Smith Fitch further acknowledged that, by her conduct, she violated Rules 1.5 and 8.4 (a) (5) of the Georgia Rules of Professional Conduct, as set forth in Bar Rule 4-102 (d). The maximum penalty for a violation of Rule 1.5 is a public reprimand and the maximum penalty for a violation of Rule 8.4 (a) (5) is disbarment. In mitigation, the special master notes the financial and emotional strain caused by the illness and death of Smith Fitch's husband and that Smith Fitch has been fully cooperative with the disciplinary proceedings and has expressed genuine remorse for her conduct. Given that Smith Fitch now has paid the amounts ordered by the probate court and has complied with the requirements for reinstatement imposed in this Court's 2011 opinion by completing an ethics continuing legal education program and expressing her commitment to completing the Law Practice Management Program requirement, the Special Master recommends that this Court accept the suggested discipline of a six-month suspension with conditions for reinstatement. Neither Smith Fitch nor the State Bar have submitted

exceptions to the Special Master's Report and Recommendation.

Having reviewed the record, we conclude that acceptance of Smith Fitch's petition for voluntary discipline is appropriate. Accordingly, we accept the petition and direct that Nakata S. Smith Fitch be suspended from the practice of law in the State of Georgia for six months. At the conclusion of the suspension imposed in this matter, if Smith Fitch wishes to seek reinstatement, she must offer proof to the State Bar's Office of General Counsel that she has completed all outstanding continuing legal education requirements. If the State Bar agrees that the conditions have been met, it will submit a notice of compliance to this Court, and this Court will issue an order granting or denying reinstatement. Assuming Smith Fitch is reinstated, she further will be required, within six months of reinstatement, to obtain and implement the recommendations of the State Bar's Law Practice Management Program.

Smith Fitch is reminded of her duties under Bar Rule 4-219 (c).

Petition for voluntary discipline accepted. Six-month suspension with conditions for reinstatement. All the Justices concur.

4