301 Ga. 661
FINAL COPY

S17Y1073.  IN THE MATTER OF RICHARD ALLEN HUNT.

PER CURIAM.

This disciplinary matter is before the Court on the petition for voluntary discipline filed by Richard Allen Hunt (State Bar No. 378650) before the filing of a formal complaint. See Bar Rule 4-227 (b) (2). Hunt requests a suspension of between six and twelve months for his admitted violation of Rule 1.15 (II) (b) of the Georgia Rules of Professional Conduct. See Bar Rule 4-102 (d). The maximum sanction for a violation of Rule 1.15 (II) (b) is disbarment.

In his petition, Hunt, who is 80 years old and who has been a member of the State Bar since 1973, admits that on several occasions he (without authority or permission) withdrew from his trust account funds that he was holding on behalf of clients and inappropriately used those funds for his own personal and business reasons, including to fund living expenses and litigation expenses for a personal injury case for his long-time secretary, who had been injured in a catastrophic accident. As a result of this behavior, judges from the Cobb County

Probate Court lodged a complaint against Hunt. Hunt admits that he violated Rule 1.15 (II) (b) by his behavior, but argues in mitigation that he has since repaid all of the funds he improperly took; that he is genuinely remorseful, has explained the situation to his clients, and has apologized to the Bar and the judges for his behavior; that he never set out to cause anyone harm; that he has been suffering from, and undergoing medical treatment for, prostate cancer for the last six years; and that he has been tutoring a non-English speaking immigrant for the past two years and has always made it a part of his legal practice to engage in pro bono work. In aggravation, Hunt admits that he has a prior disciplinary history, having received formal letters of admonition in November 2004 and July 2006;[1] an interim suspension lasting from December 4, 2008 through December 18, 2008; a public reprimand in October 2009;[2] and

[1] Formal letters of admonition are confidential discipline, but in the event of a subsequent disciplinary proceeding, the confidentiality is waived and such information may be used in aggravation of discipline. See Bar Rule 4-208.

[2] We ordered the public reprimand for Hunt's violation of Rules 1.4 and 1.16 for failing to act with reasonable diligence when representing a client and willfully disregarding a client's legal matter, because Hunt failed to respond to a client's repeated requests to file a motion to dismiss a case that had been dead-docketed or to provide information so the client could proceed on his own. We also found that Hunt violated Rule 9.3 for failing to respond to the State Bar's Notice of Investigation after the client filed a State Bar grievance against Hunt. See In the Matter of R. A. H., 285 Ga. 870 (684 SE2d 631) (2009). Hunt's failure to respond to the State Bar's notice of investigation also was the basis for his interim

an Investigative Panel reprimand in July 2016.[3]

Hunt requests that the Court impose a suspension for a period of time between six and twelve months as discipline for his current violation, and asserts that the Court has approved such discipline in cases involving similar misuse of client funds. See, e.g., In the Matter of Lang, 292 Ga. 894 (741 SE2d 152) (2013) (12-month suspension with conditions for misuse of trust account and for prolonged effort to deceive client and opposing counsel, but where substantial mitigating circumstances were present and there was no indication of prior misconduct); In the Matter of Terrell, 291 Ga. 91 (727 SE2d 499) (2012) (six-month suspension for attorney with no prior disciplinary history); In the Matter of Carragher, 289 Ga. 826 (716 SE2d 216) (2011) (one-year suspension with conditions for attorney with no prior disciplinary problems where there was no evidence he had engaged in similar transactions with the funds of other clients); In the Matter of Smith Fitch, 289 Ga. 253 (710 SE2d 563) (2011) (one-year suspension with conditions where attorney had no prior disciplinary actions, but also expressed no concern for her client's interests and never acknowledged the

suspension in December 2008.

[3] An Investigative Panel reprimand is a form of confidential discipline, while Review Panel and public reprimands and suspensions are forms of public discipline. See Bar Rule 4-102 (b).

wrongful nature of her actions); In the Matter of Taylor, 284 Ga. 867 (672 SE2d 653) (2009) (six-month suspension and Review Panel reprimand for misuse of client funds where attorney voluntarily informed client about his conduct and had no prior disciplinary history); In the Matter of Babson, 283 Ga. 382 (659 SE2d 384) (2008) (one-year suspension with conditions for intentional misuse of funds that harmed client, but there was no suggestion that attorney ever had a prior disciplinary issue). Although the State Bar has no objection to Hunt's petition, none of the cases relied on by Hunt support a suspension for a period of less than 12 months in this case. In all the above cases, the attorneys had no prior disciplinary history, whereas Hunt has an extensive and recent history of discipline.

Given Hunt's prior disciplinary history, we cannot agree that a suspension between six and twelve months is an appropriate sanction for Hunt's misconduct. Compare In the Matter of Ibrahim, 291 Ga. 774 (733 SE2d 331) (2012) (18-month suspension with conditions for violations of Rules 1.2, 1.3, 1.4, and 1.15 (I) and (II) where attorney had prior disciplinary history); In the Matter of Anderson, 286 Ga. 137, 140-141 (685 SE2d 711) (2009) (disbarring attorney with conditions for reinstatement for violation of Rules 1.15 (I) and 1.15 (II) where attorney had received two prior formal letters of admonition);

4

In the Matter of Brown, 280 Ga. 500 (629 SE2d 813) (2006) (disbarring attorney for violation of Rules 1.15 (I) and 1.15 (II) (b) where attorney had a lengthy disciplinary history, including an interim suspension for failing to respond to a notice of investigation). Therefore, we reject Hunt's petition for voluntary discipline.

Petition for voluntary discipline rejected. All the Justices concur.

Decided June 30, 2017.
Petition for voluntary discipline.
Brian Steel, for Hunt.
Paula J. Frederick, General Counsel State Bar, Jenny K. Mittelman, Assistant General Counsel State Bar, for State Bar of Georgia.