## S09Y0861. IN THE MATTER OF R. A. H.
### (684 SE2d 631)

PER CURIAM.

This disciplinary matter is before the Court on the Notice of Discipline filed by the State Bar against the Respondent R. A. H. in which the State Bar alleged that Respondent violated Rules 1.4, 1.16, and 9.3 of the Rules of Professional Conduct found in Bar Rule 4-102 (d). The State Bar recommends that Respondent receive a Review Panel reprimand. Respondent acknowledged service of the Notice of Discipline but did not file a Notice of Rejection. Accordingly, Respondent is in default, has no right to an evidentiary hearing and is subject to such discipline and further proceedings as may be determined by this Court. See Bar Rule 4-208.1.

The facts, as deemed admitted by Respondent's default, show that a client retained Respondent to represent him in an aggravated assault case, which later was dead docketed. Two years later Respondent represented the same client in an aggravated stalking case in which the client was convicted. The client wrote to Respondent several times asking him to file a motion to dismiss the aggravated assault case or to send him the indictment number so he could file the motion himself, but Respondent never responded to the client's requests for information. Respondent acknowledged service of the

Notice of Investigation in this matter but failed to timely respond.

Based on these facts we agree that Respondent violated Rules 1.4, 1.16, and 9.3. We disagree, however, that the appropriate sanction is a Review Panel reprimand. Respondent's history of prior discipline, which consists of having an interim suspension imposed in this matter that later was lifted and two Formal Letters of Admonition, one on November 8, 2004 and the other on July 31, 2006, supports a more severe sanction. Although Formal Letters of Admonition are confidential discipline, in the event of a subsequent disciplinary proceeding, the confidentiality is waived and such information may be used in aggravation of discipline, see Bar Rule 4-208.

Accordingly, we hereby order that Respondent be administered a public reprimand in open court by a judge of the superior court where Respondent resides or where his disciplinary actions occurred, pursuant to Bar Rules 4-102 (b) (3) and 4-220 (c).

*Public reprimand. All the Justices concur.*

DECIDED OCTOBER 5, 2009.

*William P. Smith III, General Counsel State Bar, Jenny K. Mittelman, Assistant General Counsel State Bar*, for State Bar of Georgia.