In the Supreme Court of Georgia

Decided:    October 6, 2014

S14Y1723.IN THE MATTER OF DAVID P. HARTIN.

PER CURIAM.

This matter is before the Court on the Report and Recommendation of the Special Master, Emily S. Blair, in which she recommends that the Court accept the Petition for Voluntary Discipline filed by Respondent David P. Hartin (State Bar No. 333775) after the issuance of a Formal Complaint but prior to an evidentiary hearing. In the petition Hartin seeks a public reprimand for his admitted violations of Rules 1.3 and 1.4 of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d). The special master recommends the Court accept the petition, with the conditions to which Hartin agreed, that before receiving the reprimand, he will utilize the services offered by the State Bar's Law Practice Management Office ("LPMO") and arrange for the LPMO to report to the Office of the General Counsel that Hartin has done so. Neither party sought a Review Panel review so they are deemed to have waived any right to file exceptions with or make oral argument to this Court, see Bar Rule

4-217 (c).

The facts show that a client hired Hartin to represent him in an uncontested divorce action. The client paid Hartin a flat fee of $1,500 and a filing fee of $207 for the preparation of the divorce papers, a Quitclaim Deed ("QCD") for the client's wife to relinquish any interest in the client's residence, and a Qualified Domestic Relations Order ("QDRO"). Hartin prepared the divorce papers and QCD; the client signed the papers on April 15, 2011 and the wife signed them on April 28, 2011. Around July 14, 2011 Hartin received a call from his client stating that the court clerk told him no case had been filed. Hartin found the paperwork in his office and filed it on July 27, 2011. On August 11, 2011 Hartin represented the same client in a traffic matter and handled the appearance for free in order to make amends for the delay in filing the divorce paperwork. On August 29, 2011 Hartin filed a motion for judgment on the pleadings in the divorce case and obtained a Final Decree, which he filed and provided copies to both parties. Around April 10, 2012, the client contacted Hartin because he was refinancing his home and discovered that the QCD had not been recorded in the county records. Hartin found the QCD in his office, contacted the client's lender and closing attorney and sent all the information to

the attorney by Federal Express. Hartin drafted the QDRO and sent it to the retirement plan administrator and so advised his client in February 2012. In April and again in July 2012 Hartin told his client that he planned to take the QDRO to the judge to sign. But he did not present the QDRO to the judge until November 19, 2012, after the client filed a grievance against Hartin. The client then told Hartin he hired another attorney and asked Hartin not to take any further action. The State Bar asked Hartin if he would be willing to contact his client and apologize and refund a portion of the fee, which Hartin did, refunding $500 with the agreement of his client. Hartin admits that he violated Rule 1.3, which is punishable by disbarment, and Rule 1.4, which is punishable by a public reprimand.

In mitigation of discipline the special master noted that Hartin had personal and emotional problems starting in 2009, when his wife of 24 years divorced him. He suffered depression and began medication and treatment, but the depression worsened. In 2013 he was diagnosed with Adult Attention Deficit Disorder and was prescribed medication, which significantly helped his focus and performance. Hartin also made restitution by handling the traffic matter at no charge, promptly responding when his client questioned him about

3

the divorce case, promptly responding to disciplinary authorities and promptly refunding the fee. Hartin also offered evidence of his good reputation and that he has been active in his community, and that he is remorseful and acknowledges that his performance during 2011 and 2012 was subpar. Hartin has taken action to prevent any recurrence of misconduct, including re-implementing a diary system to keep track of cases and deadlines, taking care in selecting cases and instituting a daily routine to respond to emails and phone messages. He also will utilize the LPMO program and waive confidentiality to allow the LPMO to report to the Office of the General Counsel regarding his use of those services. In aggravation of discipline, the special master noted that Hartin has received two prior Investigative Panel reprimands while he was representing the client in this matter, arising from very similar conduct. This leads to a pattern of misconduct, but balancing the mitigating and aggravating factors, the special master concluded that the interests of the public and the State Bar would be served by accepting Hartin's petition.

Having reviewed the record, we agree that on balance, a public reprimand is the appropriate sanction in this matter, and we therefore accept the petition for voluntary discipline. Accordingly, the Court hereby orders that David P. Hartin

4

receive a public reprimand in accordance with Bar Rules 4-102 (b) (3) and 4-220 (c), and that he satisfy the conditions set forth above.

*Petition for voluntary discipline accepted.  Public reprimand.  All the Justices concur, except Hines, P.J., not participating.*