304 Ga. 632
FINAL COPY

S19Y0032.   IN THE MATTER OF DENISE F. HEMMANN.

PER CURIAM.

Denise F. Hemmann (State Bar No. 345025) has been a member of the Bar since 1981 and previously has been sanctioned for misconduct four times.  In an August 9, 2018 report and recommendation, special master Adam Hames recommends that this Court accept Hemmann's amended petition for voluntary discipline, filed after the filing of a formal complaint, see Bar Rule 4-227 (c), and impose a public reprimand for her admitted violations of Georgia Rules of Professional Conduct 1.3, 1.4, and 1.16 found in Bar Rule 4-102 (d) related to her misconduct in representing a client in personal injury and workers' compensation matters.  The State Bar supports that recommendation.  As explained below, the recommended sanction appears insufficient in light of Hemmann's prior disciplinary history, although the existing record makes it unclear whether Hemmann is continuing to engage in the same type of misconduct.  Accordingly, we reject the petition.

As recounted by the special master, Hemmann admits that in January 2015, she executed a written agreement with a client to represent him on a claim for damages against an at-fault driver for a minor soft tissue injury to his shoulder that he sustained in an August 2014 automobile accident, as well as a workers' compensation claim because the accident occurred while he was operating his employer's vehicle. Less than a month after the representation agreement was executed, Hemmann sent letters notifying Allstate Insurance Company (the at-fault driver's insurance company) and Travelers Insurance Company (the employer's workers' compensation carrier) that she was representing the client, and she also filed a WC-14 Notice of Claim with the State Board of Workers' Compensation on the client's behalf. In March 2015, Hemmann sent the client a copy of the filed WC-14 Notice of Claim and a letter she received from Travelers confirming the claim number and the adjuster's name in the workers' compensation case.

Thereafter, however, Hemmann took no further action to advance either the personal injury case or the workers' compensation case. In May 2015, Hemmann spoke to the client on the phone regarding the matters she was handling on his behalf and confirmed the conversation in a letter to the client on

2

the same date. After that, the client was unable to obtain information from Hemmann regarding either matter, even though he left phone messages with Hemmann's secretary and sent Hemmann an e-mail in July 2015.[1] On December 11, 2015, the client sent Hemmann a letter expressing his dissatisfaction with her failure to communicate with him, and on December 30, 2015, Hemmann sent him a letter stating that she would take no further action on his behalf in relation to the personal injury and workers' compensation cases. The client alleges that he never received the December 30 letter, and Hemmann admits that the client may not have received it. Hemmann further admits that she did not notify the Board of Workers' Compensation until June 2018 that she was withdrawing from representing the client, having the mistaken belief that no withdrawal was necessary in workers' compensation matters, and that she never notified Allstate or Travelers that she was no longer representing the client.

The special master concludes that Hemmann violated Rule 1.3 by willfully abandoning the client's personal injury and workers' compensation cases. In

---

[1] Although Hemmann does not use e-mail and had so informed the client, she did have an e-mail address that was monitored by her secretary.

3

addition, the special master concludes that Hemmann violated Rule 1.4 when she failed to communicate with the client about the status of his legal matters. Finally, the special master concludes that Hemmann violated Rule 1.16 (c) by ceasing work on the client's legal matters and in effect withdrawing without taking steps to protect his interests. The maximum penalty for a violation of Rule 1.3 is disbarment, while the maximum penalty for a violation of Rules 1.4 and 1.16 is a public reprimand.

The special master correctly noted that the appropriate sanction in an attorney disciplinary case serves as "a penalty to the offender, a deterrent to others, and . . . an indication to laymen that the courts will maintain the ethics of the profession." In the Matter of Dowdy, 247 Ga. 488, 493 (277 SE2d 36) (1981). The special master found that Hemmann's request for a public reprimand meets the standard set forth in Dowdy. The special master recognized that this Court relies on the American Bar Association's Standards for Imposing Lawyer Sanctions for general guidance in determining the appropriate level of discipline, see In the Matter of Morse, 265 Ga. 353, 354 (456 SE2d 52) (1995), and that ABA Standard 4.43 provides that a reprimand is generally appropriate when a lawyer is negligent and does not act with

4

reasonable diligence in representing a client and causes injury or potential injury to a client.

The special master found in mitigation the absence of a dishonest or selfish motive, see ABA Standard 9.32 (b); Hemmann's cooperative attitude toward the disciplinary proceedings, see ABA Standard 9.32 (e); her remorse, see ABA Standard 9.32 (l); and the remoteness in time of prior disciplinary proceedings, see ABA Standard 9.32 (m), noting that Hemmann received an investigative panel reprimand in 1997. Additionally, the special master stated that Hemmann had contacted the State Bar Law Practice Management Program, scheduled a July 2018 audit to acquire recommendations for improvement of her office management practices, and agreed to follow the recommendations; and she also submitted character letters from clients and members of her community, suggesting that she is a well-respected member of her community.

The special master identified as aggravating factors Hemmann's substantial experience in the practice of law, see ABA Standard 9.22 (i), and her prior disciplinary offenses, including formal letters of admonition she received in 2005 and 2010, see ABA Standard 9.22 (a). The special master did not mention, however, an additional formal letter of admonition that Hemmann

admits she received in 2004 or — in the context of aggravation — the 1997 investigative panel reprimand. ABA Standard 4.4 explains that the sanction said to be generally appropriate under ABA Standard 4.43 applies "[a]bsent aggravating or mitigating circumstances."

Having reviewed the record, we agree that Hemmann's admitted facts are sufficient to support a finding that she violated Rules 1.3, 1.4, and 1.16 of the Georgia Rules of Professional Conduct. However, based on the current record, we cannot conclude that a public reprimand is an appropriate level of discipline, given Hemmann's extensive prior disciplinary history. Moreover, the current record does not reveal whether those prior incidents of misconduct involved similar violations of the Rules of Professional Conduct, which could show that Hemmann continues to engage in misconduct involving the abandonment of legal matters entrusted to her by clients, failure to communicate with those clients, and failure to properly withdraw from representation despite her prior admonitions and reprimand. Accordingly, while the special master noted that some previous disciplinary cases involving similar misconduct have resulted in public reprimands of lawyers with a disciplinary history, see In the Matter of Hartin, 295 Ga. 859 (764 SE2d 542) (2014); In the Matter of Edmondson, 292

Ga. 893 (742 SE2d 740) (2013); In the Matter of R. A. H., 285 Ga. 870 (684 SE2d 631) (2009), this matter involves Hemmann's fifth offense, and particularly if the prior misconduct was similar in nature, a higher level of discipline would be appropriate. See, e.g., In the Matter of Starling, 297 Ga. 359 (773 SE2d 768) (2015); In the Matter of Buckley, 291 Ga. 661 (732 SE2d 87) (2012). See also Bar Rule 4-103 (providing that a finding of a third or subsequent disciplinary violation constitutes discretionary grounds for suspension or disbarment, even if the violation normally provides for a lesser maximum sanction); Bar Rule 4-208 (waiving the confidentiality of confidential discipline like formal admonitions in the event of a subsequent disciplinary proceeding and allowing that information to be used in aggravation of discipline). We therefore reject Hemmann's amended petition for voluntary discipline.

Amended petition for voluntary discipline rejected. All the Justices concur.

Decided October 22, 2018.

Petition for voluntary discipline.

Paula J. Frederick, General Counsel State Bar, Jenny K. Mittelman, Assistant General Counsel State Bar, for State Bar of Georgia.

Spencer Law, David S. Lipscomb, for Hemmann.