307 Ga. 56
FINAL COPY

S19Y1546. IN THE MATTER OF DENISE F. HEMMANN.

PER CURIAM.

This is the second appearance before us of this disciplinary matter involving Denise F. Hemmann (State Bar No. 345025), who has been a member of the Bar since 1981. In the initial appearance of this matter, we rejected Hemmann's petition for voluntary discipline on the basis that the sanction proposed by Hemmann and recommended by special master Adam Hames — a public reprimand — appeared insufficient in light of Hemmann's prior disciplinary history, which included being previously sanctioned four times, and the lack of clarity as to whether the misconduct currently at issue was similar to her prior misconduct. See *In the Matter of Hemmann*, 304 Ga. 632, 632 (820 SE2d 671) (2018). Specifically, we were concerned that

> the current record does not reveal whether those prior incidents of misconduct involved similar violations of the Rules of Professional Conduct, which could show that Hemmann continues to engage in misconduct involving

the abandonment of legal matters entrusted to her by clients, failure to communicate with those clients, and failure to properly withdraw from representation despite her prior admonitions and reprimand,

particularly in light of the fact that the present matter was Hemmann's fifth violation of the Rules of Professional Conduct. Id. at 635. Following our rejection of her petition, Hemmann filed another petition for voluntary discipline, again seeking a public reprimand; the State Bar filed a response recommending that Hemmann's petition be accepted; and the special master filed a report recommending that we accept the petition and impose a public reprimand.

As we previously recounted,

Hemmann admits that in January 2015, she executed a written agreement with a client to represent him on a claim for damages against an at-fault driver for a minor soft tissue injury to his shoulder that he sustained in an August 2014 automobile accident, as well as a workers' compensation claim because the accident occurred while he was operating his employer's vehicle. Less than a month after the representation agreement was executed, Hemmann sent letters notifying Allstate Insurance Company (the at-fault driver's insurance company) and Travelers Insurance Company (the employer's workers' compensation carrier) that she was

2

representing the client, and she also filed a WC-14 Notice of Claim with the State Board of Workers' Compensation on the client's behalf. In March 2015, Hemmann sent the client a copy of the filed WC-14 Notice of Claim and a letter she received from Travelers confirming the claim number and the adjuster's name in the workers' compensation case.

Thereafter, however, Hemmann took no further action to advance either the personal injury case or the workers' compensation case. In May 2015, Hemmann spoke to the client on the phone regarding the matters she was handling on his behalf and confirmed the conversation in a letter to the client on the same date. After that, the client was unable to obtain information from Hemmann regarding either matter, even though he left phone messages with Hemmann's secretary and sent Hemmann an e-mail in July 2015. On December 11, 2015, the client sent Hemmann a letter expressing his dissatisfaction with her failure to communicate with him, and on December 30, 2015, Hemmann sent him a letter stating that she would take no further action on his behalf in relation to the personal injury and workers' compensation cases. The client alleges that he never received the December 30 letter, and Hemmann admits that the client may not have received it. Hemmann further admits that she did not notify the Board of Workers' Compensation until June 2018 that she was withdrawing from representing the client, having the mistaken belief that no withdrawal was necessary in workers' compensation matters, and that she never notified Allstate or Travelers that she was no longer representing the client.

Id. at 632-633.

As before, the special master concludes that Hemmann violated Rule 1.3 by willfully abandoning the client's personal injury and workers' compensation cases, violated Rule 1.4 when she failed to communicate with the client about the status of his legal matters, and violated Rule 1.16 (c) by ceasing work on the client's legal matters and in effect withdrawing without taking steps to protect his interests. The maximum penalty for a violation of Rule 1.3 is disbarment, while the maximum penalty for a violation of Rules 1.4 and 1.16 is normally a public reprimand; however, pursuant to Bar Rule 4-103, a finding of a third or subsequent disciplinary violation constitutes discretionary grounds for a suspension or disbarment, even if the violation normally provides for a lesser maximum sanction.[1]

As to the issue that led to our rejection of Hemmann's prior petition, she admits in her present petition, and the special master's

---

[1] Neither the parties nor the special master mentions the possible consequences of Bar Rule 4-103.

4

report recognizes, that the disciplinary matters for which she was sanctioned in 2004 and 2010 did involve violations of the Rules similar in nature to the violations in this matter.[2] However, the special master concludes that Hemmann has demonstrated that she has taken significant steps to ensure that future similar violations do not occur. In discussing the factors in mitigation as to the level of discipline in this matter, the special master recounted that Hemmann had met with the Bar's Law Practice Management Program in July 2018 and had implemented its recommendations for improving her office practices.

We acknowledge that the apparently significant steps that Hemmann has recently taken to improve her office practices are a mitigating factor, but the weight of this factor is diminished by the lack of any explanation or apparent reason why it took Hemmann so long — and so many disciplinary actions — to take such steps to try to prevent her commission of additional violations of the Rules

---

[2] It appears to us that Hemmann's 1997 Investigative Panel reprimand also was based on her failure to timely attend to client matters and her failure to communicate with her clients.

5

of Professional Conduct. Because this is Hemmann's fifth disciplinary proceeding, and at least her third involving similar conduct, we conclude that the acceptance of her petition and the imposition of a public reprimand would not be proper. See *Hemmann,* 304 Ga. at 635 (noting, with regard to the special master's recommendation to impose a public reprimand, that, "particularly if the prior misconduct was similar in nature, a higher level of discipline would be appropriate").

On the other hand, although the fact that this is Hemmann's fifth disciplinary offense could itself warrant disbarment pursuant to Bar Rule 4-103, that harshest of sanctions does not appear appropriate in this case. The primary purpose of attorney discipline is the protection of the public, and Hemmann's belated improvements to her office practices will hopefully prevent any further instances of similar misconduct. A short suspension would likely be a sufficient sanction to make clear to Hemmann and other members of the Bar the importance of acting with diligence to ensure that the circumstances that led to misconduct are addressed

6

before additional similar misconduct can occur. But because Hemmann's petition for voluntary discipline sought at most a public reprimand, we reject her petition.

*Petition for voluntary discipline rejected. All the Justices concur.*

DECIDED OCTOBER 7, 2019.
Petition for voluntary discipline.

*Paula J. Frederick, General Counsel State Bar, William D. NeSmith III, Deputy General Counsel State Bar, Jenny K. Mittelman, Assistant General Counsel State Bar*, for State Bar of Georgia.

*Spencer Law, David S. Lipscomb*, for Hemmann.